**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 1, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| DANIEL ISAIAH TAYLOR, | |
| Petitioner - Appellant, | No. 09-3083 |
| v. | (D. Kansas) |
| MARK S. INCH, Commandant, USDB-Ft. Leavenworth, | (D.C. No. 5:07-CV-03238-RDR) |
| Respondent - Appellee. | |

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

Daniel Isaiah Taylor is a military prisoner serving a 30-year sentence for

unpremeditated murder in the United States Disciplinary Barracks at

Ft. Leavenworth, Kansas. He filed a pro se petition for a writ of habeas corpus

under 28 U.S.C. § 2241 in the United States District Court for the District of

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Kansas. The court dismissed the petition and denied relief. We affirm the district court.

## I.      BACKGROUND

In the early morning hours of November 23, 2003, after a night of drinking, Mr. Taylor had an argument with fellow soldier Brandon Gallegos and shot him to death. On January 7, 2004, Mr. Taylor was charged with premeditated murder. A general court-martial was convened at Fort Lewis, Washington. Mr. Taylor was represented by appointed military counsel as well as by privately retained counsel.

Mr. Taylor's defense team retained Dr. David D. Moore to conduct a psychological and substance-abuse evaluation of Mr. Taylor before trial. Dr. Moore interviewed Mr. Taylor on March 6 and issued a report summarizing his findings and conclusions on April 12. Dr. Moore concluded that at the time of the incident (1) Mr. Taylor suffered from a "mental disease and defects" that prevented him from "form[ing] the requisite specific intent and mens rea included in the charges," R., Vol. 1 at 187–88, (2) Mr. Taylor's intoxication "could not be considered voluntary" because of his "preceding relapse into active alcoholism due to the contributing acute symptoms of ADHD," *id.* at 188, and (3) Mr. Taylor "by reason of involuntary intoxication and related behavioral health problems . . . lacked culpability for the crime charged," *id.*

Dr. Moore informed Mr. Taylor's defense team of his conclusions on March 14, 2004, before completing the April 12 report. On March 17 the defense team filed a notice with the court-martial informing it of Dr. Moore's conclusion that Mr. Taylor lacked mental responsibility for the crime charged. As a result, the presiding military judge ordered an inquiry into Mr. Taylor's mental capacity and responsibility under Rule for Courts-Martial 706. A sanity board, consisting of one psychiatrist and one psychologist, was convened to evaluate Mr. Taylor. On April 5 the board concluded that at the time of the incident Mr. Taylor did not suffer from "a severe mental disease or defect" and that he was not "unable to appreciate the nature and quality or wrongfulness of his conduct." *Id.* at 93.

On March 25 Mr. Taylor entered into an agreement under which he would plead guilty to the lesser-included charge of unpremeditated murder. On the same date, he signed a stipulation of facts regarding the incident; and on April 14 he pleaded guilty to unpremeditated murder. Before accepting his plea, the military judge engaged him in a lengthy discussion. The judge explained the elements of the offense to which he had pleaded guilty and asked him to describe the facts surrounding the incident. The judge asked several questions to determine Mr. Taylor's mental state at the moment he shot Gallegos. Mr. Taylor answered affirmatively the judge's question: "[D]id you acquire the intent to inflict great bodily harm upon Specialist Gallegos?" *Id.* at 74. The judge also discussed with Mr. Taylor the potential applicability of the affirmative defenses of self-defense

and heat of passion. The judge accepted Mr. Taylor's plea and sentenced him to a reduction in rank, a forfeiture of all pay and allowances, a dishonorable discharge, and 65 years' confinement. On June 25, 2004, the convening authority disapproved confinement exceeding 30 years but approved the remainder of the sentence.

Mr. Taylor's case was forwarded to the Army Court of Criminal Appeals (ACCA) for mandatory review. Instead of pursuing his appeal before the ACCA, however, Mr. Taylor filed with the ACCA a Petition for a Writ of Extraordinary Relief in the Nature of a Writ of Habeas Corpus. The petition raised two issues: (1) that Mr. Taylor had received ineffective assistance of counsel because his defense team had failed, after repeated requests, to provide him with a copy of Dr. Moore's report; and (2) that he had received ineffective assistance of counsel because his defense team had failed to present Dr. Moore's conclusions to the court-martial. On September 29, 2004, the ACCA denied Mr. Taylor's petition, stating: "On consideration of the Petition for Extraordinary Relief in the Nature of a Writ of Habeas Corpus filed by Petitioner pro se in the above cause on 29 September 2004, the Petition is DENIED." *Id.* at 120. The court provided no further discussion or reasoning.

Mr. Taylor appealed the denial of his petition to the Court of Appeals for the Armed Forces (CAAF). He contended (1) that the ACCA had erred by denying his petition, and (2) that he had received ineffective assistance of

-4-

appellate counsel because his appellate counsel had refused to move for a new trial or to provide assistance with his petition. On December 20, 2004, the CAAF remanded Mr. Taylor's appeal to the ACCA to determine whether Mr. Taylor was seeking to sever the attorney-client relationship. On March 9, 2005, the CAAF dismissed Mr. Taylor's pro se appeal because he was represented by counsel. On April 25 the ACCA issued an order granting Mr. Taylor's request to withdraw his case from the automatic-review process.

On April 27 Mr. Taylor filed a Petition for a Writ of Mandamus or in the Alternative a Writ of Prohibition in federal district court, requesting an order to compel the Army to appoint a military lawyer to represent him in the review of his conviction by the Office of the Army Judge Advocate General (JAG). The district court denied the petition.

On June 21 Mr. Taylor filed an Application for Relief from Court-Martial Findings And/Or Sentence with the Office of the Army Judge Advocate General (JAG). He contended (1) that the judge had failed to explain the defenses of voluntary intoxication[1] and lack of mental responsibility to him after his statements at the plea hearing established the elements of those defenses, (2) that he had not been aware of Dr. Moore's conclusions before he pleaded guilty, and

---

[1]In a later filing before the district court Mr. Taylor contended that the term *voluntary intoxication* in this petition was a typographical error, and that he meant to state that the judge had failed to resolve the defense of involuntary intoxication.

(3) that he had received ineffective assistance of counsel because his defense team failed to inform him of Dr. Moore's conclusions and discuss with him a defense of lack of mental responsibility. On November 30, 2005, Mr. Taylor received a letter from Charles A. Cosgrove, General Attorney, Criminal Law Division of JAG, which stated:

> Pursuant to a delegation of authority from The Judge Advocate General, I completed action on your Application for Relief pursuant to Article 69(b) of the Uniform Code of Military Justice on November 30, 2005. After thoroughly reviewing the record and considering all arguments raised in your request, I determined that the findings are correct in law and fact.

*Id.* at 190. Attached was a document labeled "Action Pursuant to Article 69(b) Uniform Code of Military Justice," *id.* at 191. Signed by Cosgrove "FOR THE JUDGE ADVOCATE GENERAL," it stated:

> In the general court-martial case of *United States v Private First Class Daniel I. Taylor*, . . . the accused's Application for Relief pursuant to Article 69(b), Uniform Code of Military Justice, the record of trial, the entirety of the Application for Relief, specifically to include the assignments of error, and all relevant documentation have been carefully reviewed.
>
> I find that the applicant has not established a proper and specific basis for relief under one or more of the enumerated statutory grounds. Accordingly, the Application for Relief is denied.

*Id.*

On June 20, 2006, Mr. Taylor filed with the CAAF a petition for extraordinary relief in the nature of a writ of habeas corpus. The record does not

-6-

show what issues Mr. Taylor raised in this petition. Ten days later the CAAF entered an order stating:

> Notice is hereby given that a petition for extraordinary relief in the nature of a writ of mandamus or a writ of habeas corpus was filed under Rule 27(a) on June 20, 2006, and placed on the docket this 30th day of June, 2006. On consideration thereof, it is, by the Court, this 30th day of June, 2006,
>
> ORDERED:
>
> The said petition is hereby denied.

*Id.* at 193. And on July 26 Mr. Taylor filed with the ACCA a Petition for Writ of Extraordinary Relief challenging the denial by the JAG of his Application for Relief. He contended (1) that the JAG had erroneously determined that his conviction and sentence were supported by law, and (2) that he had not received a full and fair review of his conviction. On August 22, 2006, the ACCA entered an order stating: "On consideration of the Petition for Writ of Extraordinary Relief filed in the above cause on 2 August 2006, the Petition is hereby DENIED." *Id.* at 199.

Finally, on September 13, 2007, Mr. Taylor filed his petition for relief under 28 U.S.C. § 2241 in federal district court. He raised three grounds for relief: (1) that the military judge had failed to resolve the defenses of involuntary intoxication and lack of mental responsibility, ignoring his statements at the plea hearing that he was intoxicated at the time of the offense and not inquiring about the results of his mental evaluation; (2) that before his plea he had not been fully

informed of his mental-health status or of the potential defense of lack of mental responsibility; and (3) that he had received ineffective assistance of counsel because his defense team had failed to inform him of Dr. Moore's conclusions and discuss a possible mental-responsibility defense.

The district court denied Mr. Taylor's petition. It decided that Mr. Taylor had raised his claims through his application for relief with the JAG and through his petition for extraordinary relief with the ACCA, and that he had received a full and fair review. Accordingly, it dismissed his § 2241 petition.

## II. DISCUSSION

Our review of court-martial proceedings is very limited. *See Burns v. Wilson*, 346 U.S. 137, 142 (1953).

> If the grounds for relief that Petitioner raised in the district court were fully and fairly reviewed in the military courts, then the district court was proper in not considering those issues. Likewise, if a ground for relief was not raised in the military courts, then the district court must deem that ground waived. The only exception to the waiver rule is that a petitioner may obtain relief by showing cause and actual prejudice.

*Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2003) (citations omitted). "When an issue is briefed and argued before a military board of review, we have held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not consider the issue meritorious or requiring discussion." *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986); *see also Armann v. McKean*, 549 F.3d 279,

292–93 (3rd Cir. 2008) (full and fair review satisfied when military prisoner had sufficient opportunity to raise claim before court-martial and to argue claim on appeal to military appellate court, despite summary disposition of claim by military appellate court).  Under this standard Mr. Taylor is not entitled to relief in federal court.

## III.  CONCLUSION

We AFFIRM the judgment below.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge