FILED
United States Court of Appeals
Tenth Circuit

November 16, 2010

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROCHESTER THOMAS,

            Petitioner-Appellant,

v.

UNITED STATES DISCIPLINARY
BARRACKS,

            Respondent-Appellee.

No. 09-3291

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. NO. 5:02-CV-03265-RDR)**

---

*Submitted on the briefs*

Melody Evans, Assistant Federal Public Defender for the District of Kansas, and
Cyd Gilman, Federal Public Defender for the District of Kansas, Topeka, Kansas
for Appellant.

Tanya Sue Wilson, Assistant United States Attorney for the District of Kansas,
and Lanny D. Welch, United States Attorney for the District of Kansas, Topeka,
Kansas for Appellee.

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

**TYMKOVICH**, Circuit Judge.

---

Rochester Thomas, a military prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, which the district court dismissed. Thomas then voluntarily abated his appeal in this court to petition a military court to consider his claims of ineffective appellate counsel. The military court summarily denied Thomas's petition and, on remand, the district court again dismissed Thomas's habeas petition.

The issue raised in this appeal is whether the military court's summary dismissal rests on adequate legal grounds. We have jurisdiction under 28 U.S.C. § 2253(a) and, having carefully reviewed the record and arguments on appeal, we AFFIRM.

## I. Background

A brief review of the procedural background will be helpful in understanding the legal issues on appeal.

### A. Initial Court-Martial Proceedings

After Thomas deserted the Army in 1995, a military court convicted him *in absentia* of various sex crimes and sentenced him to 50 years' imprisonment. Appellate review of Thomas's court-martial continued despite his absence. Two years later, Thomas was arrested in Germany after assaulting his girlfriend and stabbing her roommate. For these crimes a military court sentenced him to 13 years' imprisonment and a dishonorable discharge.

Shortly before Thomas's arrest, his appointed military appellate defense counsel in the court-martial proceedings submitted a petition to the Army Court of Criminal Appeals (ACCA) challenging his convictions. After his arrest, Thomas then filed a *Grostefon*[1] motion questioning his mental responsibility for the sex crimes due to Gulf War Syndrome.

The ACCA granted relief by dismissing several duplicative charges but otherwise denied Thomas's appeal. Thomas then petitioned the Court of Appeals for the Armed Forces (CAAF) for a grant of review, again raising *Grostefon* matters. Thomas's petition did not contain a claim of ineffective appellate counsel. After granting two motions to extend the time to file a supplement to the petition, the CAAF affirmed the ACCA's decision. The Supreme Court of the United States later denied Thomas's petition for a writ of certiorari. *United States v. Thomas*, ARMY 9502100 (A. Ct. Crim. App. Dec. 8, 2000) *aff'd*, 55 M.J. 248 (C.A.A.F. 2001), *cert. denied*, 534 U.S. 1009 (2001), *reh'g denied*, 535 U.S. 952 (2002).

**B. Petition for a Writ of Habeas Corpus**

In 2002, as a prisoner housed in the United States Disciplinary Barracks at Fort Leavenworth, Thomas petitioned the district court in Kansas for a writ of habeas corpus. Thomas later supplemented his petition with four allegations of

---

[1] *U.S. v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) (permitting a petitioner to personally raise issues before the courts of military review even if his or her appellate counsel thinks the issues lack merit).

ineffective assistance by appellate counsel relating to his appeals to CAAF.[2]  In response, the government argued the ineffective appellate counsel claims could not be reviewed because they were not raised during the CAAF appeal.  In dismissing Thomas's habeas petition, the district court declined to examine his ineffective appellate counsel claims because he failed to present them to the military courts and because there was no prejudice in light of the apparent strength of the prosecution's case.  *Thomas v. U.S. Disciplinary Barracks*, No. 02-3265-RDR (D. Kan. July 28, 2004).

Thomas appealed to this court, but voluntarily abated his appeal so he could petition the ACCA for a writ of error *coram nobis* to consider his ineffective appellate counsel claims.[3]  The ACCA assigned counsel from its

---

[2] Specifically, Thomas contended the military court erred in permitting improper expert testimony, sentencing Thomas under duplicative charges, permitting evidence of uncharged misconduct, and denying Thomas's petition for a new trial as untimely.  He also contended his appellate counsel was ineffective for failing to raise the ineffectiveness of his trial counsel in not challenging the military court's alleged errors or the standard used by the sanity board to determine Thomas was competent to stand trial.

[3] The ACCA has the authority to issue extraordinary writs under the All Writs Act.  28 U.S.C. § 1651(a); *Dettinger v. United States*, 7 M.J. 216 (C.M.A. 1979).  Because of their extraordinary nature, writs are issued sparingly, and a petitioner bears an extremely heavy burden to establish a clear and indisputable entitlement to extraordinary relief. *Dew v. U.S.*, 48 M.J. 639, 648 (A. Ct. Crim. App. Apr. 23, 1998) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383–84 (1953)).

*Coram nobis* is predicated on exceptional circumstances not apparent to the court in its original consideration of the case.  *Dew*, 48 M.J. at 649.  Under *coram*
(continued...)

Defense Appellate Division to assist Thomas with the petition. Focusing on the

ineffectiveness claims, Thomas's court-appointed counsel subsequently filed a

supplemental memorandum. In response, the government filed a 50-page

opposition brief, devoting 21 pages to the merits of Thomas's claims.[4]

In February 2006, the ACCA summarily denied the petition. We then

remanded Thomas's appeal to the district court for additional consideration of his

ineffective appellate counsel claims in the habeas proceedings. The district court

subsequently dismissed the petition, holding the ACCA's summary disposition

was sufficient in light of the parties' thorough briefing on the issue. *Thomas v.

U.S. Disciplinary Barracks*, 2009 WL 3125962 (D. Kan. Sept. 29, 2009).

---

[3](...continued)
*nobis*, a court can remedy an earlier disposition that is flawed because the court misperceived or improperly assessed a material fact. *Id.* The error must be so fundamental as to render the proceedings themselves irregular and invalid; in the interests of promoting the finality of appeals, the standard for obtaining relief through *coram nobis* is more stringent than the standard applicable on direct appeal. *Id.*

[4] The ineffective appellate counsel claims in Thomas's ACCA petition are based on his appellate counsel's failure to raise Thomas's claims of ineffective assistance of trial counsel, to appeal the denial of Thomas's motion for a continuance, and to timely file a petition for a new trial. The government responded to Thomas's claims by contending the alleged failures were either not erroneous, not prejudicial, not supported by the factual record, or predicated on frivolous arguments.

## II. Discussion

### A. Standard of Review

We review a district court's denial of habeas relief de novo. *Fricke v. Sec'y of the Navy*, 509 F.3d 1287, 1289 (10th Cir. 2007). In contrast, our review of court-martial proceedings is very limited. *See Burns v. Wilson*, 346 U.S. 137, 142 (1953). "[W]hen a military decision has dealt fully and fairly with an allegation raised in that application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." *Id.* The limited function of the civil court is to determine whether the military have given fair consideration to each of the petitioner's claims. *Id.* at 145.

To assess the fairness of the consideration, our review of a military conviction is appropriate only if the following four conditions are met: (1) the asserted error is of substantial constitutional dimension, (2) the issue is one of law rather than disputed fact, (3) no military considerations warrant a different treatment of constitutional claims, and (4) the military courts failed to give adequate consideration to the issues involved or failed to apply proper legal standards. *Dodson v. Zelez*, 917 F.2d 1250, 1252–53 (10th Cir. 1990). While we continue to apply this four-part test, our recent cases have emphasized the fourth consideration as the most important. *See, e.g., Taylor v. Inch*, 343 F. App'x 343, 346–47 (10th Cir. 2009) (affirming the denial of a habeas petition because the military court gave adequate consideration to the petitioner's claims).

## B. The ACCA's Consideration of Thomas's Claims

Thomas argues the district court erred in applying the four-part test in *Dodson*. He contends the court should have granted an evidentiary hearing because the ACCA's summary denial did not demonstrate full and fair consideration of his ineffective appellate counsel claims. We disagree.

The Tenth Circuit has consistently held full and fair consideration does not require a detailed opinion by the military court. As we observed in *Watson v. McCotter*,

> [w]hen an issue is briefed and argued before a military board of review, we have held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not consider the issue meritorious or requiring discussion.

782 F.2d 143, 145 (10th Cir. 1986). We also observed in *Watson* that we give greater deference to the military than we do to state courts in relation to determining ineffective assistance of counsel claims. *Id.* at n.3 (citing *Burns*, 346 U.S. at 142).

Thomas draws factual distinctions between *Burns* and *Watson* to argue the military court did not give full and fair consideration to his claims. In *Burns*, lengthy opinion by the military courts demonstrated scrutiny of the trial record. *Burns*, 346 U.S. at 144–45. Likewise, the military court in *Watson* granted oral argument on the petitioner's claims, and the military court's opinion "expressly considered" the evidence provided. *Watson*, 782 F.2d at 144.

-7-

In contrast, here the ACCA heard no oral argument and its order does not spell out the reasoning for its dismissal. This lack of explicit detail is not fatal. Our holding in *Watson* does not demand it. Nor do other circuits. In *Armann v. McKean*, for example, the Third Circuit considered a case with similar facts in which the CAAF neither granted oral argument on the petitioner's claims nor mentioned the claims in its one-sentence affirmation of the ACCA's decision. 549 F.3d 279, 284 (3rd Cir. 2008). In that case, the government even failed to submit a brief on the petitioner's competency claim, although it addressed the petitioner's other claims. *Id.* at 294. Although the record did not explicitly indicate the CAAF reviewed the petitioner's claim, the circuit court declined to "presume that the highest military court refused to consider the full record before it prior to making its decision." *Id.* at 295–96. The circuit noted that military courts, like civilian courts, must diligently review all arguments presented by the parties, which included the petitioner's competency issue. *Id.* at 296. On the question of the sufficiency of detail in the military court's decision, the court explained,

> [e]ven if we were to find it preferable that the CAAF issue a statement that it considered all claims including those personally raised by the defendant, we seriously doubt that the federal civilian courts have power to impose such a requirement on the highest miliary court. 'Military law, like state law, is a jurisprudence which exists separate and apart from the law which governs in our federal judicial establishment.'

*Id.* at 295 (quoting *Burns*, 346 U.S. at 140).[5]

We also decline to presume a military appellate court has failed to consider all the issues presented to it before making a decision. Here, the record indicates Thomas's court-martial conviction received an abundance of consideration throughout the 15 years of appellate review. The ACCA received over 65 pages of briefing in relation to Thomas's claims of ineffective assistance of appellate counsel, at least 30 pages of which were directly focused on the merits.

In its order dismissing the habeas corpus petition, the district court noted

> the parties thoroughly briefed the issues of ineffective assistance of counsel . . . . Those submissions contain a detailed explanation of the lengthy procedural history of this matter, the relevant facts, and a statement of the applicable standard of review for claims of ineffective assistance of counsel, that is, the test set out in *Strickland v. Washington*, 466 U.S. 668 (1984) and applied to such claims in the courts-martial.

---

[5] Similarly, we routinely affirm summary dispositions of state courts in our habeas review under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d), particularly when, as here, there is no material, non-record evidence of ineffective assistance of counsel. *See, e.g.*, *Wackerly v. Workman*, 580 F.3d 1171 (10th Cir. 2009); *Wilson v. Workman*, 577 F.3d 1284 (10th Cir. 2009). As already noted, we also give greater deference to military than we do to state court proceedings in their dispositions of ineffective appellate counsel claims. *Burns*, 346 U.S. at 142. While *Burns* predates AEDPA, the same principles of comity and respect apply.

*Thomas*, 2009 WL 3125962 at *3. Thus, the district court correctly applied our precedent in determining that Thomas's claims are not entitled to additional review because the military courts gave them full and fair consideration.[6]

Although our review of court-martial proceedings is narrow, it is not illusory. In *Watson*, we predicated our holding that full and fair consideration does not require a detailed opinion or certain other indications that a military court diligently reviewed the parties' arguments. In a case where the briefing is cursory and no indications of full consideration otherwise exist, we may reach a different result. But the thoroughness and adequacy of the briefing in this case, together with the broad deference we grant to the military in collateral review of court-martial convictions, *see Watson*, 782 F.2d at 144, supports the district court's determination that Thomas's claims received full and fair consideration by the military court.

### III. Conclusion

For the foregoing reasons, we AFFIRM the district court's decision.

---

[6] Based on our review, we conclude Thomas has not demonstrated any potentially successful claim even if we were to reach the merits of his appeal.