**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 10, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID A. VALOIS,

    Petitioner - Appellant,

v.

COMMANDANT, USDB - FORT
LEAVENWORTH,

    Respondent - Appellee.

No. 15-3255
(D.C. No. 5:13-CV-03029-KHV)
(D. of Kan.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **MORITZ**, Circuit Judges.[**]

David A. Valois appeals *pro se*[1] from the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] Because he proceeds *pro se*, we construe his filings liberally. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

Valois is a former member of the United States Air Force. In October of 2005, he murdered his infant son. Valois was charged with murder by engaging in an act inherently dangerous to another and evincing a wanton disregard for human life in violation of Article 118(3) of the Uniform Code of Military Justice, 10 U.S.C. § 918(3). A military judge at a general court martial tried Valois. Although Valois pleaded guilty to involuntary manslaughter, the judge found him guilty of murder. Valois was sentenced to dismissal from the military, forfeiture of pay and allowances, and fifty years of confinement. A pretrial agreement reduced his confinement to twenty-five years.

In 2010, Valois filed a claim for administrative relief with the Commandant of the Disciplinary Barracks in Fort Leavenworth, Kansas, where he is currently serving his sentence. He challenged the amount of good conduct time credits the prison applied to his sentence. Valois then filed several additional requests for relief, all of which were denied. The Air Force Court of Criminal Appeals subsequently denied his writ of habeas corpus without prejudice because of his lack of counsel. After that denial, Valois filed a § 2241 petition in the district court. The district court denied his petition.

Valois properly challenges the execution of his sentence by seeking relief under 28 U.S.C. § 2241. Valois argues that he is entitled to good conduct time credits of ten, rather than five, days per month. He also argues that the reduction

of possible good conduct time credits is a violation of the Constitution's Ex Post Facto Clause.

Federal civil courts possess only limited authority to review court-martial proceedings. *Thomas v. U.S. Disciplinary Barracks*, 625 F.3d 667, 670 (10th Cir. 2010). As we have held, "[i]f the grounds for relief that Petitioner raised in the district court were fully and fairly reviewed in the military courts, then the district court was proper in not considering those issues." *Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2003). Valois argues that he did not need to exhaust his claims in the military courts because military courts do not address collateral consequences of court-martial sentences, such as good conduct time credits. The government does not address failure to exhaust, so we deem that argument waived.

Turning to the merits, we agree with the district court's thoughtful and well-reasoned analysis of various Department of Defense and Air Force regulations and directives regarding good conduct time credits. As that court found, the Secretary of the Air Force operates under the authority of the Department of Defense to which the Secretary belongs. Because it is subordinate to the Department of Defense, the Air Force is bound by law to follow the policies of the Department. Here, the Air Force Secretary explicitly adopted the Department's good conduct time credits policy by deferring to it. We agree with the district court that acquiescence to a higher authority is not unlawful. AFI 31-

-3-

205, adopted by the Air Force in 2004, states, "[f]or sentences over one year, refer to DoDI 1325.7, E261.1." AFI 31-205 at ¶ 5.7.1.2.1. DoDI 1325.7 grants prisoners *five days'* good conduct time credit per month. There is no evidence that the Air Force ever amended or removed this deferral to the Department of Defense's good conduct time policy. Thus, the policy has been valid since its 2004 issuance.

Valois argues that several of the Under Secretary for Personnel and Readiness's directive-type memoranda regarding the reduction of good conduct time credits from ten to five days per month were without authority. But we agree with the district court's finding that it is clear Under Secretaries of the Department of Defense have authority to promulgate directive-type memoranda. These memoranda were a proper exercise of that authority.

Valois also contends that some of these directive-type memoranda expired because no action was taken on them for at least 180 days. But no Department of Defense authority requires that memoranda automatically expire, and Valois cites no support for this proposition. The Department of Defense did not cancel or amend the 2004 good conduct time credits memoranda until 2013. Thus, lack of action in the interim did not automatically cancel the regulations. Accordingly, we find that the 2004 memoranda and the Air Force's deference to DoDI 1325.7, now DoDI 1325.07, are valid. Thus, Valois's good conduct time credits are limited to five days per month.

Finally, Valois argues that this less generous good conduct time credit scheme illegally increases his confinement in violation of the Ex Post Facto Clause of the Constitution. That Clause prohibits laws that "*retroactively* alter the definition of crimes or increase the punishment for criminal acts." *Calif. Dep't of Corr. v. Morales*, 514 U.S. 499, 504 (1995) (emphasis added). But the policy change Valois challenges went into effect before his offense, conviction, and sentencing. Therefore, Valois is not entitled to relief under the Ex Post Facto Clause.

The judgment of the district court is AFFIRMED.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge