21-2540-pr
*Rucker v. Wormuth*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

   **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4ᵗʰ day of November, two thousand twenty-two.**

PRESENT:   José A. Cabranes,
      Barrington D. Parker,
      Steven J. Menashi,
         *Circuit Judges.*

---

RANDAL RUCKER,

      *Petitioner-Appellant,*          21-2540-pr

      v.

Christine Wormuth, Secretary of the Army, Department of the Army, Lloyd Austin, Secretary of Defense, U.S. Department of Defense,

      *Respondents-Appellees,*

      and

Department of Army, Department of Defense, United States of America,

**FOR PETITIONER-APPELLANT:**        Tami L. Mitchell, Law Office of Tami L.
                                     Mitchell, Colorado Springs, CO.

**FOR RESPONDENT-APPELLEES:**        Oren Gleich and David C. James,
                                     Assistant United States Attorneys, *for*
                                     Breon Peace, United States Attorney,
                                     Eastern District of New York, Brooklyn,
                                     NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the memorandum decision and order of the District Court be and hereby are **AFFIRMED**.

Petitioner-Appellant Randal Rucker ("Rucker") was the Non-Commissioned Officer in Charge of the Behavioral Health Clinic at Camp Walker in Daegu, South Korea. A court-martial convicted Rucker of maltreatment for conduct toward a female subordinate, as well as abusive sexual contact and assault consummated by a battery for conduct toward two female patients. Rucker appealed his convictions to the Army Court of Criminal Appeals ("ACCA"), which affirmed them. Subsequently, the Court of Appeals for the Armed Forces ("CAAF") denied Rucker's petition for a grant of review and his petition for reconsideration. Then, in the District Court, Rucker filed a petition for a writ of habeas corpus or, alternatively, (1) a judgment declaring his convictions null and void and (2) a writ of mandamus. In a memorandum decision and order of August 11, 2021, the District Court dismissed Rucker's habeas petition because he was not in custody at the time of filing and, even if he had been, the military courts gave his claims full and fair consideration. The District Court dismissed Rucker's claims for declaratory judgment and a writ of mandamus because his convictions were not "void." Joint App'x 75. The District Court declined to issue a certificate of appealability.[1]

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

[1] One of the "issues" on appeal—whether the District Court erred in refusing to issue a certificate of appealability—is really a non-issue. The parties agree that a certificate of appealability is not required to appeal this case.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The parties primarily briefed the issues on appeal within the framework of whether the military courts gave "full and fair consideration" to Rucker's claims, a standard of review derived from *Burns v. Wilson*, 346 U.S. 137 (1953) (plurality opinion). *Burns* applies to habeas petitions and explains that if a "military decision has dealt fully and fairly with an allegation raised in . . . [a habeas] application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." *Id.* at 142. As noted, the District Court found that Rucker had not satisfied the custody requirement for habeas jurisdiction, a determination Rucker does not contest on appeal. Nevertheless, the District Court reviewed Rucker's petition under the full-and-fair-consideration standard and found that standard satisfied. Based on that analysis, the District Court held that Rucker's non-habeas collateral attacks failed because the standard for reviewing those claims— whether the military court's judgment is "void" because of a "fundamental defect"—is even more deferential to the military judgment than the full-and-fair-consideration standard. *See Schlesinger v. Councilman*, 420 U.S. 738, 747 (1975); *Allen v. U.S. Air Force*, 603 F.3d 423, 430–31 (8th Cir. 2010). The parties do not dispute the application of these standards of review, and we therefore employ the full-and-fair-consideration standard of review for our analysis here. *See Allen*, 603 F.3d at 431.

## I.

The first issue on appeal is whether the military courts fully and fairly considered the sufficiency of the evidence against Rucker. Rucker claims that the military courts could not have fully and fairly considered the sufficiency of the evidence because the conduct charged did not match the conduct proven at trial. Rucker did not raise this issue in the military courts. We need not decide whether his failure to raise it constituted a procedural default. We reject the argument because it rests on the faulty factual premise that there was a mismatch between the charged and proven conduct. In his opening brief, Rucker provides as his only example of a mismatch that he was charged with hugging a patient around the lower waist, but at trial the government proved that he hugged her around her shoulders. The referred charge sheet,[2] however, *does* charge Rucker with hugging the patient around her shoulders. Gov't App'x 7. In asserting otherwise, Rucker relies on

---

[2] "The process of convening a court-martial . . . involves 'preferring' charges, forwarding the charges, and 'referring' the charges to a court-martial." *United States v. Jeter*, 81 M.J. 791, 795 (N-M. Ct. Crim. App. 2021). A "referred charged sheet" is the document given to the court-martial listing, *inter alia*, "the article of the code . . . which the accused is alleged to have violated" and a specification, which is a "plain, concise, and definite statement of the essential facts constituting the offense charged." Joint Serv. Comm. on Mil. Just., *Manual for Courts-Martial United States*, R. 307(c)(2)–(3) (2019 ed.). Charge sheets can be withdrawn and amended. *See id.* R. 603, 604.

the *original* charge sheet, which was withdrawn and replaced by the referred charge sheet. *Compare id.* at 4 (describing conduct in original charge sheet as "unlawfully grab[bing] . . . [the patient] around the lower back with his arms"), *with id.* at 7 (describing conduct in referred charge sheet as "unlawfully grab[bing] . . . [the patient] around the shoulders with his arms"). Rucker has not demonstrated any difference between the conduct charged and the evidence presented. His argument therefore fails.[3]

## II.

The second question presented is whether the military courts fully and fairly considered Rucker's claim that the military judge improperly denied a motion to compel the production of the female patients' mental health records. Rucker argues that he could not adequately brief the issue because he did not *personally* have access to the records, although his appellate counsel *did* have access to them. He then concludes that, in the circumstances, the military courts could not have fully and fairly considered the denial of the motion to compel. We disagree. Rucker appealed and briefed the denial of the motion to compel in a *Grostefon* submission[4] to the ACCA. Presumably aware that Rucker personally lacked access to the records, the ACCA did not disturb the military judge's decision on the motion to compel after giving "due consideration" to "the entire record." Joint App'x 53–54. The full and fair consideration given to Rucker's *Grostefon* submissions is evident from the fact that the ACCA actually found one of Rucker's *Grostefon* submissions meritorious.[5] The

---

[3] Rucker points to another purported mismatch in his reply brief. He contends there that the government did not prove "lack of consent" as charged. *See* Rucker Reply Br. at 3–4. Instead, Rucker asserts that the government's evidence only went to an alleged "invalidity" of consent or an incapacity to consent. *Id.* "[W]e ordinarily will not consider issues raised for the first time in a reply brief." *McBride v. BIC Consumer Prods. Mfg. Co., Inc.*, 583 F.3d 92, 96 (2d Cir. 2009). We see no reason to deviate from that general principle here. To the extent that there was a discrepancy, it would not affect the military court's jurisdiction. The purported discrepancy would establish, at most, a "variance." *See United States v. Allen*, 50 M.J. 84, 86 (C.A.A.F. 1999) ("A variance between pleadings and proof exists when evidence at trial establishes the commission of a criminal offense by the accused, but the proof does not conform strictly with the offense alleged in the charge."); *see also United States v. Weiser*, 80 M.J. 635, 639 (C.G. Ct. Crim. App. 2020). Accordingly, we need not decide whether arguments relating to a military court's jurisdiction can be procedurally defaulted.

[4] A *Grostefon* submission permits a petitioner to submit issues before the courts of military review even if appellate defense counsel believes the claims lack merit. *See United States v. Grostefon*, 12 M.J. 431, 435–37 (C.M.A. 1982).

[5] The meritorious *Grostefon* submission argued that Rucker's sentence should be reduced because of "dilatory post-trial processing of his case." Joint App'x 66; *see id.* at 53–54. The ACCA concluded

4

CAAF, with the benefit of additional briefing, declined to review Rucker's petition. Moreover, Rucker did not argue before the military courts that he personally needed access to the records to "adequately" brief the motion to compel issue. Rucker Op. Br. at 15. Both Rucker's military appellate counsel—who *did* have access to the records—and Rucker could have made this argument to the military courts but did not. Thus, the military courts did not fail to give full and fair consideration to the claim that Rucker presented.

Under the circumstances, we conclude that the military courts fully and fairly considered the denial of the motion to compel. *See Thomas v. U.S. Disciplinary Barracks*, 625 F.3d 667, 672 (10th Cir. 2010) ("We also decline to presume a military appellate court has failed to consider all the issues presented to it before making a decision.").

## CONCLUSION

We have reviewed all the remaining arguments raised by Rucker on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the District Court's memorandum decision and order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

that the dilatory post-trial processing warranted a thirty-day reduction in Rucker's sentence of confinement.