**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 3, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

RICHARD L. LIVINGSTON,

    Petitioner - Appellant,

v.

DOUGLAS J. CURTIS, Commandant,
United States Disciplinary Barracks,

    Respondent - Appellee.

No. 24-3128
(D.C. No. 5:23-CV-03162-JWL)
(D. Kan.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, **KELLY**, and **BACHARACH**, Circuit Judges.[**]
_____

Petitioner-Appellant Richard Livingston, a former Army warrant officer,

appeals from the district court's denial of his petition for a writ of habeas corpus

seeking to vacate his court-martial convictions.  28 U.S.C. § 2241.  On appeal, he

argues that the writ should issue because the court-martial did not reach unanimous

findings and a non-verbatim transcript placed his sentence beyond the jurisdiction of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

the court-martial. Our jurisdiction arises under 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

## Background

On July 29, 2019, a military judge sitting alone as a general court-martial convicted Mr. Livingston of several violations of the Uniform Code of Military Justice (UCMJ) pursuant to guilty pleas. I Aplt. App. 14. On August 1, 2019, a panel of officers convicted Mr. Livingston, contrary to his pleas of not guilty, of rape, sexual assault (two specifications), aggravated sexual contact, assault consummated by a battery (two specifications), assault upon a commissioned officer (six specifications, three of which Mr. Livingston pled guilty), conduct unbecoming an officer and a gentleman (three specifications), and obstructing justice, all in violation of the UCMJ. Id.

Mr. Livingston appealed to the Army Court of Criminal Appeals (ACCA). United States v. Livingston, No. ARMY 20190587, 2022 WL 705828, at *1 (A. Ct. Crim. App. Mar. 8, 2022), rev. denied, 82 M.J. 440 (C.A.A.F. July 25, 2022) ("Livingston I"). While his appeal was pending, the Supreme Court held that the Sixth Amendment right to a jury trial requires unanimous verdicts in state courts. Ramos v. Louisiana, 590 U.S. 83, 93 (2020). Mr. Livingston subsequently added more claims to his appeal, including a claim that Ramos extends to military tribunals and thus renders unconstitutional his convictions via the nonunanimous officer panel process. I Aplt. App. 256–68.

2

The ACCA set aside one conviction but otherwise affirmed the court-martial's findings and the constitutionality of the convictions, stating that it had "given full and fair consideration" to the arguments presented but that the arguments "lack merit and warrant neither discussion nor relief." Livingston I, 2022 WL 705828, at *1 n.2. The court confirmed Mr. Livingston's sentence as a term of confinement for sixteen years and eleven months. Id. at *8. The U.S. Court of Appeals for the Armed Forces (CAAF) denied further review. United States v. Livingston, 82 M.J. 440 (C.A.A.F. 2022). However, that same day the CAAF granted review in United States v. Anderson, later holding that nonunanimous court-martial verdicts are constitutional. 83 M.J. 291, 293 (C.A.A.F. 2022), cert. denied, 144 S. Ct. 1003 (2024).

On July 6, 2023, Mr. Livingston filed the instant petition challenging his convictions on three grounds: (1) his sexual assault conviction is supported by inadmissible hearsay; (2) the military courts lacked jurisdiction to affirm his sentence because the record of trial is not substantially verbatim, based on a missing transcript of a pretrial session; and (3) the court-martial deprived him of due process by instructing the panel that it could convict on the basis of a nonunanimous verdict. I Aplt. App. 17, 27, 29.

On January 9, 2024, the district court denied Mr. Livingston's first two claims for relief and stayed proceedings on the third claim. Livingston v. Payne, No. 23-3162, 2024 WL 95205, at *1 (D. Kan. Jan. 9, 2024) ("Livingston II"). Regarding the second claim, the district court found that Mr. Livingston "failed to persuade the [c]ourt that any non-transcribed hearing occurred." Id. at *3. In a separate order on

3

July 8, 2024, the district court denied Mr. Livingston's third claim for relief.
Livingston v. Payne, No. 23-3162, 2024 WL 3328584, at *1 (D. Kan. July 8, 2024).
Because Mr. Livingston already raised the nonunanimous jury issue on direct appeal
to the ACCA and CAAF, the district court considered only whether "the military
justice system [had] failed to give full and fair consideration to the petitioner's
claims." Id. at *2 (quoting Santucci v. Commandant, U.S. Disciplinary Barracks, 66
F.4th 844, 855 (10th Cir. 2023), cert. denied, 144 S. Ct. 191 (2023)). Finding full
and fair consideration, the district court denied Mr. Livingston's petition. Id. at *4.

## Discussion

We review de novo a district court's decision denying habeas relief. Santucci,
66 F.4th at 871. Mr. Livingston raises two issues on appeal. First, he maintains that
the court-martial did not reach unanimous findings, a defect of constitutional
proportions. Aplt. Br. at 10.[1] Second, he asserts that the military courts lacked
jurisdiction to affirm a sentence in excess of six months because the military trial
record is not substantially verbatim. Id. at 20.[2]

### A. Nonunanimous Verdict

---

[1] Mr. Livingston's opening brief does not include page numbers. We instead
cite to the PDF pages.

[2] Mr. Livingston does not raise the hearsay issue on appeal.

4

Article 52(a) of the UCMJ permits conviction by "at least three-fourths of the members present" at a court-martial. 10 U.S.C. § 852(a)(3).[3] Mr. Livingston argues that the court-martial process violated his constitutional rights because it did not require unanimous findings and that the military courts did not fully and fairly consider the issue. Aplt. Br. at 14.

In habeas proceedings challenging court-martial convictions, Article III courts serve the "limited function" of reviewing "whether the military have given fair consideration to each" claim. Burns v. Wilson, 346 U.S. 137, 144 (1953). "[W]hen a military decision has dealt fully and fairly with an allegation raised in [a habeas] application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." Id. at 142. Article III courts may review the merits of the claim only if the military court "failed to give full and fair consideration to the petitioner's claim[]." Santucci, 66 F.4th at 855; see also Burns, 346 U.S. at 142.

This court applies a four-factor test known as the "Dodson factors" from Dodson v. Zelez to determine whether to review the merits of a military habeas claim. 917 F.2d 1250, 1252–53 (10th Cir. 1990). The factors are:

> 1. The asserted error must be of substantial constitutional dimension[,] 2. The issue must be one of law rather than of disputed fact already determined by the military tribunals[,] 3. Military considerations may warrant different treatment of constitutional claims[,] 4. The military courts must give adequate consideration to the issues involved and apply proper legal standards.

---

[3] Although Mr. Livingston contends that this provision is unconstitutional, it is unclear whether his verdict was unanimous or not. The president of the court-martial panel and court-martial documents did not report the vote tally on any specification and the findings worksheet does not so reflect. I Aplt. App. 264.

5

Id. (quoting Calley v. Callaway, 519 F.2d 184, 199–203 (5th Cir. 1975)).  To be eligible for merits review, a petitioner must demonstrate that each factor weighs in his or her favor — meaning that each factor suggests that the military tribunal did not give full and fair consideration to the claim.  Santucci, 66 F.4th at 856, 859.  The fourth factor, adequate consideration, is the most important.  See id. at 858.  But the failure to show that any one factor weighs in his or her favor precludes a full merits review.  Id.  We now consider each factor in turn.

Mr. Livingston satisfies the first Dodson factor because his claim implicates substantial issues under the Fifth and Sixth Amendments.  The government disagrees arguing that there is no right to a unanimous verdict in court-martial proceedings.  Aplee. Br. at 16.  But that goes to the merits.  Contrary to the government's approach, the Dodson factors serve a gatekeeping function before we can reach merits.  See Santucci, 66 F.4th at 856.  The first factor asks only whether the "claim is of a constitutional dimension," meaning whether the claim raises constitutional issues, not whether the constitutional claim is meritorious.  Accordingly, the first Dodson factor weighs in favor of review.

The government concedes that the second Dodson factor is met.  Aplee. Br. at 27.  We agree that the unanimous jury claim presents a pure issue of law for the court to decide, and thus this factor weighs in favor of review.

As for the third factor, Mr. Livingston fails to argue that military considerations do not warrant a different treatment of his claim.  See generally Aplt.

6

Br.; Aplt. Reply Br.  This omission alone could preclude merits review because Mr. Livingston has the burden of showing that each Dodson factor weighs in his favor. See Santucci, 66 F.4th at 857.  Even so, there likely are military considerations that support a different standard for military court verdicts.  As the CAAF explained in Anderson, courts-martial have used nonunanimous verdicts since the founding of the military justice system.  Anderson, 83 M.J. at 294.  And the Anderson court accepted that "nonunanimous verdicts in the military are necessary to promote efficiency in the military justice system and to guard against unlawful command influence in the deliberation room."  Id. at 302.  Such rationales likely support different treatment.

But it is Mr. Livingston's failure to satisfy the fourth Dodson factor that is fatal to proceeding to merits review.  The fourth factor, which we have characterized as "the most important" factor, asks whether the military tribunal gave adequate consideration to the issues and applied proper legal standards.  See Santucci, 66 F.4th at 858, 875 (quoting Thomas v. U.S. Disciplinary Barracks, 625 F.3d 667, 671 (10th Cir. 2010)).

The ACCA summarily rejected the unanimity claim on direct appeal.  The court stated that it gave the claim "full and fair consideration" and that the claim "lack[ed] merit and warrant[ed] neither discussion nor relief."  Livingston I, 2022 WL 705828, at *1 n.2.  A military court's summary rejection of a claim does not automatically indicate that the court failed to give adequate consideration, a point which Mr. Livingston does not dispute.  See Thomas, 625 F.3d at 671.  We have "consistently held full and fair consideration does not require a detailed opinion by

7

the military court." Id.  And in fact, Mr. Livingston does not seem to challenge that the ACCA adequately considered the issue beyond generally challenging that the ACCA's reasoning is unknown.  See Aplt. Br. at 18–20.  Rather, Mr. Livingston focuses on the second part of this factor — that the court applied proper legal standards — and contends that the ACCA could not have reached its conclusion from a reasonable application of the correct legal standard.  See id.  And the correct legal standard, Mr. Livingston argues, is that the Fifth and Sixth Amendments require unanimity in military tribunals.  See id.

Much like the government's approach to the first Dodson factor, Mr. Livingston's argument asks us to address the merits of the issue prematurely.  Rather than focusing on whether the ACCA applied the correct legal test — that is, any tests under the Fifth and Sixth Amendments that dictate whether military verdicts require unanimity — Mr. Livingston takes issue with the legal conclusion.  In fact, "it would be contrary to our precedents to interpret the 'apply proper legal standards' language to require that we assess the merits of the habeas claim[.]" Drinkert v. Payne, 90 F.4th 1043, 1048 (10th Cir. 2024).

There is no basis to suggest that the ACCA failed to consider the Fifth and Sixth Amendments or that it was improper to consider the Fifth and Sixth Amendments.  Although the ACCA summarily rejected Mr. Livingston's claim, we defer to the military court's determination that the claim was not meritorious when that claim is briefed and argued before the military court.  See Watson v. McCotter, 782 F.2d 143, 145 (10th Cir. 1986).  We do not "presume a military appellate court

8

has failed to consider all the issues presented to it before making a decision." Thomas, 625 F.3d at 672. Accordingly, Mr. Livingston has not shown that the fourth Dodson factor weighs in his favor, and he is not entitled to merits review. We reject Mr. Livingston's nonunanimous jury claim.

The throughline across Mr. Livingston's appeal is Ramos, in which the Supreme Court held that the Sixth Amendment right to a jury trial requires unanimous verdicts in state courts. 590 U.S. at 93. Because Mr. Livingston failed to show that the Dodson factors weigh in his favor, we do not reach the merits of his claim to consider whether Ramos extends to military courts. We note only that the Supreme Court has recognized that the Sixth Amendment right to a jury trial does not apply in the military justice system. See, e.g., Ex parte Milligan, 71 U.S. 2, 123 (1866); Whelchel v. McDonald, 340 U.S. 122, 127 (1950). We have recognized the same, as have other circuits. See, e.g., Dodson, 917 F.2d at 1253; Betonie v. Sizemore, 496 F.2d 1001, 1007 (5th Cir. 1974); Daigle v. Warner, 490 F.2d 358, 364 (9th Cir. 1973); Wright v. Markley, 351 F.2d 592, 593 (7th Cir. 1965).

**B. Substantially Verbatim Record**

The Rules for Courts-Martial (R.C.M.) state that there must be a "substantially verbatim recording" of the proceedings and that there must be a "certified verbatim transcript of the record" when the judgment includes confinement for more than six months. See R.C.M. 1112, 1114 (2024 ed.). "A verbatim transcript must include 'all proceedings including sidebar conferences, arguments of counsel, and rulings and instructions by the military judge.'" United States v. Tate, 82 M.J. 291, 294

9

(C.A.A.F. 2022) (quoting R.C.M. 1103(b) Discussion (2016 ed.)).  The CAAF has "repeatedly held that a transcript need not be <u>actually</u> verbatim but will suffice when it is <u>substantially</u> verbatim."  <u>Id.</u>  In assessing the record, the "threshold question" is whether the omitted material was qualitatively or quantitatively substantial.  <u>Id.</u> at 295.  An omission is qualitatively substantial if it relates to the sufficiency of the government's evidence on the merits.  <u>See id.</u>  And an omission is quantitatively substantial unless, viewing the totality of all omissions, the omissions are "so unimportant and so uninfluential" in light of the whole record such that the omissions "approach[] nothingness."  <u>See id.</u> (quoting <u>United States v. Nelson</u>, 3 C.M.A. 482, 487 (1953)).

Mr. Livingston argues that the military court lacked jurisdiction to sentence him to sixteen years and eleven months confinement because the trial record is not substantially verbatim.  Aplt. Br. at 20.  He claims that the trial record is missing a transcript from an Article 39(a) session where he was arraigned and entered his forum selection.  <u>Id.</u> at 22–23.  Both the ACCA and the district court rejected this claim.  <u>Livingston I</u>, 2022 WL 705828, at *1 n.2; <u>Livingston II</u>, 2024 WL 95205, at *4.

As a preliminary matter, the parties disagree on whether the verbatim transcript requirement is a jurisdictional one, and thus on whether the <u>Dodson</u> analysis applies.  <u>See</u> <u>Fricke v. Sec'y of Navy</u>, 509 F.3d 1287, 1289–90 (10th Cir. 2007) (clarifying that jurisdictional issues and constitutional issues are separate grounds for review and declining to apply the "full and fair consideration" standard

to a jurisdictional issue). However, we need not decide whether the <u>Dodson</u> factors apply given the district court's finding that there is no missing transcript. <u>Livingston II</u>, 2024 WL 95205, at *3.

Mr. Livingston contends that an unrecorded Article 39(a) session took place between the recorded May 14, 2019 and July 22, 2019 sessions. Aplt. Br. at 24–25. In support of his argument, he points to a statement that the military judge made at the July 22 hearing, in which the judge referenced a "previous session" at which he "informed [Mr. Livingston] of [his] forum rights" and confirmed that Mr. Livingston had entered not guilty pleas. <u>Id.</u> at 25; I Aplee. Suppl. App. 66–67.

But the record does not support the existence of an extra unrecorded session. During his March 7 arraignment, the judge did inform Mr. Livingston of his right to be tried by a panel or military judge (the forum issue) and granted Mr. Livingston's request to defer forum until a later date. I Aplee. Suppl. App. 19. At that same hearing, the judge also informed Mr. Livingston of the charges and granted his request to defer entry of pleas until a later date. <u>Id.</u> at 19, 32. Then, on April 17, Mr. Livingston submitted a written indication of his pleas of not guilty and his forum selection of an officer panel. <u>Id.</u> at 90. As discussed above, on July 22, the judge referred to a "previous session" at which he advised Mr. Livingston of his forum selection rights, noted his forum selection choice to be tried by a panel, and confirmed that he had entered pleas of not guilty. <u>Id.</u> at 66–67. Considering this timeline, the district court found that on July 22 the military judge was most likely referring to the March 7 colloquies he had with Mr. Livingston about plea and forum

11

selection rights, and also to the April 17 written indications filed by Mr. Livingston. Livingston II, 2024 WL 95205, at *3. This finding is supported by the senior court reporter's affidavit stating that the only pretrial court sessions took place on March 7, May 14, and July 22, sessions for which there are recorded transcripts. I Aplee. Suppl. App. 100. Further, Mr. Livingston himself does not indicate a date on which the allegedly missing Article 39(a) session occurred, even though he was presumably in attendance.

Even if the substantially verbatim record requirement is jurisdictional, we would affirm the district court's judgment given its finding that there was no missing transcript. In the alternative, and even assuming that Mr. Livingston could satisfy the Dodson factors, we would affirm because the military courts sentenced based upon a substantially verbatim record.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge