**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 6, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BARRY N. NIXON,

     Petitioner - Appellant,

v.

COLONEL SIOBAN J. LEDWITH,

     Respondent - Appellee.

No. 15-3087
(D.C. No. 5:14-CV-03007-RDR)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **MATHESON**, and **MORITZ**, Circuit Judges.
_____

Barry N. Nixon appeals from the district court's denial of his 28 U.S.C. § 2241

habeas petition.[1]  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Nixon does not need a certificate of appealability to appeal from the district court's decision.  *See Knighten v. Commandant*, 142 F. App'x 348, 349 (10th Cir. 2005).

I. Procedural Background

Mr. Nixon was an active duty Air Force Major when he was charged with two specifications (counts) of indecent acts with a minor, one specification of assault with intent to commit rape, one specification of simple assault, and one specification of rape. With the exception of the simple assault specification, which involved his wife, Mr. Nixon's youngest daughter was the alleged victim. He pled guilty to all of the specifications, except he pled not guilty to the rape, and he pled guilty by exceptions and substitutions to the assault with intent to commit rape. He was tried and convicted by a general court-martial for the rape charge and sentenced to eighteen years of confinement.

Before trial, Mr. Nixon filed a motion in limine to exclude victim testimony by his two older daughters regarding uncharged prior acts he allegedly committed against them.[2] After considering the evidence, briefs, and arguments from both sides, the military judge denied the motion and permitted the testimony under Military Rules of Evidence 414 to show Mr. Nixon's predisposition to commit the charged acts against his youngest daughter.

After he was convicted, Mr. Nixon appealed to the Air Force Court of Criminal Appeals (AFCCA), arguing, among other things, that the military judge abused her discretion in admitting the prior-acts evidence. He argued the evidence

---

[2] The alleged acts of molestation against Mr. Nixon's two older daughters were barred from prosecution by the statute of limitations.

was not relevant to the rape charge because his two older daughters had never testified to any penetration. Mr. Nixon disputed that he had ever penetrated his youngest daughter, which was a necessary finding to prove the rape charge.

The AFCCA concluded the military judge had not abused her discretion in denying the motion in limine and admitting the prior-acts testimony. That court determined that the military judge had made the required threshold findings to admit the evidence under Mil. R. Evid. 414[3] and noted that "the testimony of [the older daughters] centered on acts of a similar nature." *Id.* at 219. The AFCCA further noted that "[o]ur superior court has stated that it has never required the exact same acts of sexual molestation for the admission of evidence under M.R.E. 414." *Id.* (internal quotation marks omitted).

In response to Mr. Nixon's argument that the military judge's balancing analysis under Mil. R. Evid. 403[4] was inadequate, the AFCCA found "that the military judge adequately considered the potential for undue prejudice that is inevitably present when

---

[3] Rule 414(a) of the Military Rules of Evidence states: "In a court-martial proceeding in which an accused is charged with an act of child molestation, the military judge may admit evidence that the accused committed any other offense of child molestation. The evidence may be considered on any matter to which it is relevant." This language is substantially similar to Rule 414(a) of the Federal Rules of Evidence.

[4] Rule 403 of the Military Rules of Evidence states: "The military judge may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the members, undue delay, wasting time, or needlessly presenting cumulative evidence." This language is substantially similar to Rule 403 of the Federal Rules of Evidence.

dealing with propensity evidence." *Id*. at 220 (internal quotation marks omitted). The AFCCA "note[d] that the military judge did not specifically articulate that she balanced the probative value of the evidence against its unfair prejudicial value when finding the evidence admissible," and therefore it would give her ruling less deference. *Id*. But it concluded that "her written ruling sufficiently shows that she conducted the balancing test and considered the *Wright* factors."[5] *Id*.

Mr. Nixon petitioned for review of the AFCCA's decision with the Court of Appeals for the Armed Forces (CAAF). In his petition for review, he again challenged the admission of the prior-acts testimony, in addition to three other issues. The CAAF denied review. Mr. Nixon then filed a motion asking the CAAF to reconsider its denial, arguing solely about the prior-acts-testimony issue. The CAAF denied the motion for reconsideration.

---

[5] In *Wright*, the military superior court explained that "Federal courts . . . have uniformly upheld the [new rules of evidence,]" including Rule 414, "while emphasizing the importance of a Rule 403 balancing test." *United States v. Wright*, 53 M.J. 476, 482 (C.A.A.F. 2000). That court further explained that in conducting the Rule 403 balancing test, military courts should consider the following factors:

> [1] Strength of proof of prior act . . . ; [2] probative weight of evidence;
> [3] potential for less prejudicial evidence; [4] distraction of fact finder;
> [5] time needed for proof of prior conduct[;] . . . [6] temporal proximity;
> [7] frequency of the acts; [8] presence or lack of intervening circumstances;
> and [9] relationship between the parties.

*Id*.

Mr. Nixon filed the underlying § 2241 petition after the CAAF denied review. He was represented by a military attorney and a civilian attorney throughout his military proceedings, but he filed his § 2241 petition pro se. The district court denied the petition, and Mr. Nixon now appeals from that decision. His civilian attorney from the military proceedings is representing him on appeal.

II. Federal Habeas Review of Military Proceedings

"[O]ur review of court-martial proceedings is very limited." *Thomas v. U.S. Disciplinary Barracks*, 625 F.3d 667, 670 (10th Cir. 2010). As the Supreme Court has explained, "[m]ilitary law, like state law, is a jurisprudence which exists separate from the law which governs in our federal judicial establishment," and "Congress has taken great care both to define the rights of those subject to military law, and provide a complete system of review within the military system to secure those rights." *Burns v. Wilson*, 346 U.S. 137, 140 (1953). The Court further explained:

> The military courts, like the state courts, have the same responsibilities as do the federal courts to protect a person from a violation of his constitutional rights. In military habeas corpus cases, even more than in state habeas corpus cases, it would be in disregard of the statutory scheme if the federal civil courts failed to take account of the prior proceedings—of the fair determinations of the military tribunals after all military remedies have been exhausted.

*Id*. at 142. The Court therefore held that "when a military decision has dealt fully and fairly with an allegation raised in [a habeas] application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." *Id*. Instead, "[i]t is the limited function of the civil courts to determine whether the military have given fair consideration to [the claims raised for federal habeas review]." *Id*. at 144.

5

We review de novo the district court's denial of a habeas petition. *Thomas*, 625 F.3d at 670. The following considerations guide our review of the district court's decision. If a claim brought in a federal habeas petition was not presented previously to the military courts, then the district court must deem it waived. *Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2003). If the claim was presented to the military courts, then the district court should consider whether those courts "fully and fairly reviewed" the claim. *See id.* If they did so, then the district court must not review the claim. *See id.* If the claim was presented to the military courts, but was not given full and fair consideration, then "the scope of review by the federal civil court expand[s]." *Lips v. Commandant*, 997 F.2d 808, 811 (10th Cir. 1993).

III. <u>Discussion</u>

Mr. Nixon brought three claims in his habeas petition. His first claim stated:

> Petitioner was denied his Constitutional right to due process, his Sixth Amendment right to confrontation and to be appraised of all charges against him when the Military Judge and the [AFCCA] permitted both unchargeable conduct and uncharged misconduct using M.R.E. 414 without establishing either relevance or conducting the necessary balancing tests for prejudice, a requirement of both M.R.E. 414 and M.R.E. 403.

Aplt. App. at 257.

His second claim stated: "The Military Judge failed to properly instruct and limit the jury members on the reasons for admission of unchargeable conduct and uncharged misconduct, [and] its relevance given the Petitioner's guilty pleas. Thus, the prosecution was allowed to essentially try and sentence Petitioner as though there were three victims, not one." *Id.* at 258.

6

His third claim stated: "The [CAAF] and the [AFCCA] were substantially misled by the Government's response brief containing material misstatement of facts that would have, if true, answered the M.R.E. 414's requirement for relevance to the contested rape charge." *Id.*

The district court determined that the military courts had given full and fair consideration to all of the claims and therefore Mr. Nixon was not entitled to habeas relief.

### A. *Waived Claims*

We affirm the district court's denial of claims two and three because Mr. Nixon waived review.

As to the second claim, Mr. Nixon does not raise any argument in his appellate opening brief regarding the district court's determination that the military judge did not properly instruct the jury regarding the admission of the prior-acts testimony. His failure to address this claim in his opening brief waives any review of the district court's ruling. *See Wyoming v. Livingston*, 443 F.3d 1211, 1216 (10th Cir. 2006). We therefore affirm the district court's denial of habeas relief as to this claim.

As to the third claim, Mr. Nixon argued that the government's response brief in his appeal before the AFCCA contained material misstatements of fact and substantially misled the AFCCA and the CAAF. In its response to the habeas petition, the government interpreted this argument "as a renewed challenge to the ruling of the military judge that the evidence offered under MRE 414 was admissible." Aplt. App. at 10. The district court agreed with that construction. The

court then determined the issue had been fully and fairly considered and therefore Mr. Nixon was not entitled to habeas relief.

We agree with the district court's result, but not its reasoning. We disagree that this claim is a renewed challenge to the admissibility of the prior-acts evidence. Instead, it is a separate challenge to the AFCCA's decision based on the impact of the government's alleged misrepresentation about the evidence to that court.

We may affirm on an alternative ground when "there is a record sufficient to permit conclusions of law." *Ashby v. McKenna*, 331 F.3d 1148, 1151 (10th Cir. 2003) (internal quotation marks omitted). The record here supports the legal conclusion that Mr. Nixon did not present this claim to the military courts and therefore it must be deemed waived. *See Roberts*, 321 F.3d at 995.

In its response to Mr. Nixon's opening brief on appeal to the AFCCA, the government argued that the prior-acts testimony was properly admitted because "[w]hen a father digitally penetrates the vagina of his daughters, that has a clear and obvious connection to his penile penetration of another daughter." Aplt. App. at 148. In his reply, Mr. Nixon countered the government's relevance argument: "Arguing relevance, [the] Government's Answer inaccurately represents to this Court that [Mr. Nixon] digitally penetrated [one of his older daughters]." *Id*. at 199. As he explained, "[t]here is *no* evidence of any penetration, digital or penile, of anyone other than [his youngest daughter]." *Id*. He further noted that "the military judge herself obviously did not think there was any evidence of penetration of anybody

8

other than [his youngest daughter], making no mention of penetration in her findings and ruling on the question." *Id*. at 201.

In its decision, the AFCCA summarized the testimony of Mr. Nixon's two older daughters and did not mention any testimony regarding penetration. *See id*. at 218. In discussing the arguments the parties raised on appeal, the AFCCA did note: "The Government argues that when a father digitally penetrates the vagina of one daughter, that incident has a clear and obvious connection to his penile penetration of another daughter." *Id*. at 219.

In his habeas petition, Mr. Nixon complained that although he brought the government's misstatements to the attention of the AFCCA, that court repeated the misstatement of the evidence and therefore it was misled in its ruling. He further argued that the CAAF was misled because it denied review of his case.

On appeal to this court, Mr. Nixon argues that the government's misrepresentation in its response brief to the AFCCA "fatally infected the appellate record." Aplt. Br. at 23. He contends the AFCCA should have "deliver[ed] [a] vigorous judicial rebuke" to the government, but instead the court "made no mention of the fact that the government's relevance 'argument' was premised upon a falsehood, that the falsehood was specifically pointed out in [Mr. Nixon's] reply brief, and failed to even mention the question in its opinion." *Id*. at 24-25.

Mr. Nixon failed to exhaust this claim. Like a state prisoner, a military prisoner must fully exhaust his claims in the military courts before raising a claim on federal habeas review. *See McKinney v. Warden*, 273 F.2d 643, 644 (10th Cir. 1959)

9

("If an available contention is not asserted at the court-martial trial or within the military structure, it may not thereafter be raised on habeas corpus."); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (explaining that state prisoners seeking federal habeas relief must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which includes a petition for discretionary review to the state supreme court).

To preserve this claim for habeas review, Mr. Nixon needed to raise it in his petition to the CAAF. *See Roberts*, 321 F.3d at 995 ("[I]f a ground for relief was not raised in the military courts, then the district court must deem that ground waived."). As with unexhausted state habeas claims, we may review a claim that was not presented to the military courts if the military prisoner shows both "cause excusing the procedural default and actual prejudice resulting from the error." *Lips*, 997 F.2d at 812. But nothing in the record before us indicates there was any cause for Mr. Nixon's procedural default. He had the opportunity to raise the issue in his petition to the CAAF and failed to do so, *see* Aplt. App. at 263 (listing four issues raised in his CAAF petition); Aplee. Supp. App. at 1-2 (same).[6] We therefore deem this claim waived. *See Roberts*, 321 F.3d at 995.

---

[6] In Mr. Nixon's petition for review to the CAAF, he spends many pages arguing about the admissibility of his older daughters' testimony and how it was not relevant, but he never mentions the argument brought in his habeas petition—that the government's misrepresentation that he had penetrated one of his older daughters when in fact no such testimony had been given misled the AFCCA. *See* Dist. Ct.

(continued)

10

B. *Prior-Acts Evidence*

We now turn to Mr. Nixon's first habeas claim, which challenged the admissibility of his older daughters' prior-acts testimony. This claim has been fully exhausted in the military courts. *See* Aplt. App. at 217 (noting issue raised in pre-trial motion in limine to military judge); *id*. (noting issue raised on appeal to AFCCA); *id*. at 263 (noting issue raised in CAAF petition).

We must therefore decide whether the district court properly determined that the military courts fully and fairly reviewed the claim. In doing so, the most important factor to consider is whether the military courts "failed to give adequate

---

Doc. 1-1 at 10-29. He does discuss the evidence regarding penetration but never mentions that the government misrepresented this evidence to the AFCCA. *See*, *e.g*, *id*. at 13 (asserting that his older daughters' testimony was not relevant and should not have been admitted because "[t]he question of whether [Mr. Nixon] ever penetrated or attempted to penetrate [his youngest daughter] was the only relevant factual issue in contention at trial."); *id*. (explaining that the two older daughters "provided no evidence that Major Nixon ever penetrated or even attempted to penetrate them in any way.").

Also, in Mr. Nixon's reply brief to his habeas petition, he states that he agrees with the government "that this is not a new issue as [he] raised the issue of factual untruths in his [AFCCA] reply to the Government's response." *Id*., Doc. 9 at 3. But then he goes on to state: "However, *the effect on the AFCCA's review and the CAAF's denial of review is brought up here for the first time* because this is the first time it could have been raised." *Id*. (emphasis added). This is essentially a concession that he did not exhaust his military remedies because it is not accurate that his habeas petition is the first time the issue could have been raised—it could have and should have been raised in his petition for review to the CAAF.

Because Mr. Nixon's appendix did not include the documents cited above, we refer to them by their district court docket number. "These documents are properly part of the record on appeal because they were filed in the district court." *United States v. Williams*, 511 F.3d 1044, 1046 n. 1 (10th Cir. 2007).

11

consideration to the issues involved or failed to apply proper legal standards." *Thomas*, 625 F.3d at 671.

The district court determined that the military courts "conducted a thorough review of the claim and determined the evidence was properly admitted." Aplt. App. at 9. The court then quoted extensively from the AFCCA's decision. *Id.*

In his briefing before this court, Mr. Nixon does not show that the district court erred in determining that the military courts fully and fairly reviewed his claim. He focuses almost exclusively on arguing the merits of his claim—asserting that the military judge abused her discretion in admitting the prior-acts evidence and that the AFCCA erred in upholding the military judge's decision. *See* Aplt. Br. at 11-22. But federal habeas courts do not reach the merits of a claim if it was fully and fairly considered by the military courts. *See Roberts*, 321 F.3d at 995.

Mr. Nixon addresses whether there was a full and fair review in two paragraphs in the argument section for his first issue on appeal. *See* Aplt. Br. at 15-16. He asserts that the district court "was satisfied that there was a full and fair review merely because the AFCCA mentioned the questioned of relevance." Aplt. Br. at 15. He concludes by focusing on the merits of his claim, arguing that: "'Full and fair' must mean something more than an uncritical adoption of the trial court's conclusory ruling, where nothing in the lengthy testimony of [the older daughters] was probative of whether [Mr. Nixon] had raped their younger sister." *Id.* at 16.

In arguing his third issue on appeal, Mr. Nixon presents a vague and conclusory three-paragraph argument as to whether his claim received a full and fair

12

review. For example, he argues "[c]ommon sense informs that a review cannot be 'full' where the lower court's holding is obscured by disregard of the requirement to set forth the reasoning behind it." *Id*. at 27. But he does not identify the military courts he has in mind.

The military judge and the AFCCA both provided reasoning for their decisions. The CAAF's order states that it considered the petition for review and then denied it without discussion, but we do not require military courts to issue a detailed opinion to conclude that they fully and fairly reviewed a claim, especially where, as here, the trial and intermediate appellate court had met this requirement. *See Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986) ("When an issue is briefed and argued before a military board of review, we have held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not consider the issue meritorious or requiring discussion."). The AFCCA issued a detailed opinion, spending four pages analyzing the military judge's decision to admit the prior-acts evidence, and the CAAF's denial of review affirms the AFCCA's reasoning.

We conclude the AFCCA's decision provides ample discussion to show it adequately considered the issue. Mr. Nixon has not offered a reasoned basis for us to conclude otherwise. We agree with the district court's decision that the military courts fully and fairly reviewed the claim involving the prior-acts testimony and that Mr. Nixon is therefore not entitled to habeas relief.

13

IV. Conclusion

For the foregoing reasons, we affirm the judgment of the district court.[7]

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

---

[7] We decline to consider Mr. Nixon's fourth issue on appeal because he did not raise it in his habeas petition filed with the district court. *See Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1150 (10th Cir. 2012) ("An issue is preserved for appeal if a party alerts the district court to the issue and seeks a ruling." (internal quotation marks omitted)).