**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 5, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TED C. SQUIRE,

    Petitioner - Appellant,

v.

SIOBAN LEDWITH,

    Respondent - Appellee.

No. 16-3030
(D.C. No. 5:14-CV-03081-KHV)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **PHILLIPS**, Circuit Judges.
_____

Ted C. Squire is a military prisoner who appeals the denial of his habeas petition filed under 28 U.S.C. § 2241, which challenged his conviction by a general court martial for engaging in a sexual act with a child under the age of 12 in violation of Article 120 of the Uniform Code of Military Justice, 10 U.S.C. § 920. We affirm.

I

Mr. Squire was charged with one specification of engaging in a sexual act with

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

a child who had not attained the age of 12 and two specifications of engaging in lewd acts with a child who had not attained the age of 16. The latter counts were withdrawn before trial, at which time Mr. Squire pleaded not guilty to the single specification of engaging in a sexual act with a child who had not attained the age of 12. After his conviction, the convening authority approved a sentence of 238 months in prison.[1] The Army Court of Criminal Appeals (ACCA) affirmed, *see United States v. Squire*, 2012 WL 3602088, at *7 (A. Ct. Crim. App. 2012) (unpublished), and the Court of Appeals for the Armed Forces denied relief after granting discretionary review, *United States v. Squire*, 72 M.J. 285, 291 (C.A.A.F. 2013). Mr. Squire later filed this § 2241 petition in the district court,[2] but the district court denied his claims, concluding all but one, which he waived, had received full and fair consideration by the military courts.

II

We review de novo the district court's denial of habeas relief. *Fricke v. Sec'y of Navy*, 509 F.3d 1287, 1289 (10th Cir. 2007). But our scope of review is limited.

---

[1] General courts-martial may be convened by the President, the Secretary of Defense, and certain authorized military officers. 10 U.S.C. § 822. Once a military judge or the court members adjudge a sentence, the convening authority takes action on the sentence and may approve or disapprove it in whole or in part, so long as the severity of punishment is not increased. *See* Rule for Courts-Martial 1107(a), (d). The court members here sentenced Mr. Squire to twenty years in prison and a reduction in rank. The convening authority approved 238 months' confinement and the rank reduction.

[2] Mr. Squire filed his § 2241 petition in the United States District Court for the District of Columbia, which transferred the petition to the District of Kansas.

"'When a military decision has dealt fully and fairly with an allegation raised in [a habeas] application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence.'" *Thomas v. U.S. Disciplinary Barracks*, 625 F.3d 667, 670 (10th Cir. 2010) (brackets omitted) (quoting *Burns v. Wilson*, 346 U.S. 137, 142 (1953)). If the military courts fully and fairly consider a habeas claim, the district court may not review the claim. *See Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2003). If the claim was not raised in the military courts, it is waived and may not be considered absent a showing of cause and actual prejudice. *See id.* Only if the claim was raised in the military courts but not given full and fair consideration will "the scope of review by the federal civil court expand." *Lips v. Commandant, U.S. Disciplinary Barracks*, 997 F.2d 808, 811 (10th Cir. 1993).

> To assess the fairness of the consideration, our review of a military conviction is appropriate only if the following four conditions are met: (1) the asserted error is of substantial constitutional dimension, (2) the issue is one of law rather than disputed fact, (3) no military considerations warrant a different treatment of constitutional claims, and (4) the military courts failed to give adequate consideration to the issues involved or failed to apply proper legal standards.

*Thomas*, 625 F.3d at 670-71 (citing *Dodson v. Zelez*, 917 F.2d 1250, 1252-53 (10th Cir. 1990)). "While we continue to apply this four-part test, [we] have emphasized the fourth consideration as the most important." *Id.* at 671. Even a military court's summary disposition of a claim can show adequate consideration of the issues involved. *See Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986).

3

III

*A. Scope of Review*

Mr. Squire first disputes our scope of review. He says we no longer examine whether the military courts gave a claim full and fair consideration, but instead we engage in a more expansive review based on the four-factor test recited in *Thomas*. This argument seeks to exploit some confusion in our earlier cases, *see Roberts*, 321 F.3d at 996 (describing evolution of our scope of review), but it is unavailing.

We clarified in *Roberts* that the four-factor test is not a separate, independent inquiry from the full-and-fair consideration standard, but rather it is "an aid in determining whether the claims were fully and fairly considered." *Id.* at 997. We explained that the test "develops our understanding of full and fair consideration" to determine "whether the federal court may reach the merits of the case." *Id.* We endorsed this approach because it is more consistent with the restrictive scope of review outlined by the Supreme Court in *Burns*. *See id.* Accordingly, we evaluate whether the military courts afforded a habeas claim full and fair consideration, mindful of the four factors. *See, e.g., Thomas*, 625 F.3d at 670-72 (emphasizing fourth factor and holding that a summary disposition may still demonstrate full and fair consideration); *Nixon v. Ledwith*, 635 F. App'x 560, 566 (10th Cir. 2016) (applying full-and-fair-consideration analysis without reciting four factors yet noting the most important factor is whether the issues received adequate consideration); *Brown v. Gray*, 483 F. App'x 502, 504-05 (10th Cir. 2012) (reciting four-factor test in evaluating whether the military courts afforded claims full and fair consideration).

4

*B. Mr. Squire's Claims*

The district court denied the habeas petition, concluding that all claims were given full and fair consideration by the military courts, except one, which was waived. The petition lists three claims: (1) ineffective assistance on three separate grounds; (2) a violation of Mr. Squire's Sixth Amendment right to confront his accuser; and (3) a due process violation predicated on the denial of his right to testify on his own behalf.[3] We consider these claims in turn.

*1. Ineffective Assistance*

*a. Failure to Offer Evidence of Recantation*

Mr. Squire first claims his trial counsel was deficient in failing to submit evidence that the 8-year old victim (the daughter of Mr. Squire's fiancée) had recanted. The ACCA analyzed this claim under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), and concluded "there [was] a reasonable explanation for counsel's failure to present evidence of [the victim's] recantation." Aplt. App., Vol. 4 at 225. Specifically, the ACCA observed there was "significantly

---

[3] The district court read Mr. Squire's petition to raise an additional claim based on insufficient evidence, but we do not read the petition so broadly. The petition lists three specifically enumerated claims, with clear subheadings, none challenging the sufficiency of the evidence. The only reference to insufficient evidence is an isolated statement within his claim under the Confrontation Clause, asserting that "the evidence presented at trial, and more importantly, the evidence NOT presented at trial due to his trial counsel's failures, was not sufficient for the members to find it 'more likely than not' that he was guilty." Aplee. Supp. App. at 35. This single, isolated statement did not raise an independent habeas claim, as Mr. Squire apparently acknowledges on appeal. *See* Aplt. Br. at 16-17 (listing habeas claims without any reference to a claim of insufficient evidence).

more evidence pertaining to [the victim's] original allegations of sexual abuse than what was presented at [Mr. Squire's] court-martial." *Id.* Thus, the ACCA found "counsel's decision to avoid evidence of recantation reasonable when faced with the prospect of further incriminating evidence becoming admissible [with] an unpredictable child witness standing by available to testify." *Id.*

Moreover, the ACCA concluded there was no showing of prejudice because even with evidence that the victim recanted, the government's evidence of sexual assault was overwhelming:

> Even had trial defense counsel presented evidence of recantation, the government's case against [Mr. Squire] still included DNA evidence that his semen was inside [the victim's] vagina and on the interior of her underwear. In addition, [Mr. Squire] made a partial admission to [investigators] that if his semen was found inside [the victim], he had penetrated her, but that it was an 'accident.' The evidence against [Mr. Squire] was overwhelming, and would still be so in light of evidence of a recantation.

*Id.* at 226. The ACCA gave this claim full and fair consideration.

### b. *Failure to Proffer Rebuttal DNA Expert*

Mr. Squire also claims that trial counsel was ineffective in failing to proffer an expert witness to rebut the government's expert, who testified that DNA in the victim's underwear belonged to Mr. Squire. He claims that the DNA evidence presented by the government may have been corrupted by, among other things, "gaps in the chain of custody of the 'rape kit,'" Aplee. Supp. App. at 29, and that counsel's failure to put on a rebuttal expert resulted in prejudice. The district court ruled that Mr. Squire waived this claim by failing to present it to the military courts, but he

6

argues that he did raise this claim in his *Grostefon* brief. *See United States v. Grostefon*, 12 M.J. 431, 436 (C.M.A. 1982) (permitting military defendants to submit issues on appeal pro se even if defense counsel believes such issues are meritless).[4]

Mr. Squire's *Grostefon* brief did not raise an ineffective-assistance claim based on trial counsel's failure to put on a rebuttal expert witness. Rather, he argued a different theory—that trial counsel was ineffective for failing to question "the government's DNA expert on the possibility of transference of DNA matter from [Mr. Squire's] underwear to [the victim's] underwear while it was sitting in a clothes hamper." Aplt. App., Vol. 3 at 188 (capitalization omitted). He also challenged the reliability of the DNA evidence, arguing it was improperly tested, but he did not argue that counsel was ineffective for not making that argument. *See id.* at 187-88. These claims, while perhaps somewhat similar to Mr. Squire's present theory, do not assert that counsel was ineffective for failing to put on a rebuttal DNA expert. *See Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006) (holding that a state prisoner cannot exhaust his federal habeas claim by presenting a "somewhat similar" claim in state court (internal quotation marks omitted)). The ACCA summarily rejected those arguments and all other *Grostefon* issues, *see* Aplt. App., Vol. 4 at 226, after full and fair consideration, *see Watson*, 782 F.2d at 145 ("When an issue is briefed and argued

---

[4] Mr. Squire does not contend that he raised this claim in his counselled appeal brief to the ACCA, in which he advanced a different theory to challenge the DNA evidence, namely, that the trial judge abused her discretion in admitting the DNA evidence because there was "a fatal break in the chain of custody." Aplt. App., Vol. 1 at 22 (capitalization omitted).

before a military board of review, we have held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not consider the issue meritorious or requiring discussion."). But it did not consider Mr. Squire's new claim that counsel was ineffective for failing to proffer a rebuttal DNA expert. This claim, therefore, is waived, and absent any argument for finding cause and prejudice, the district court correctly denied it.

### c. Failure to Challenge DNA Evidence

Mr. Squire's third ineffective-assistance claim asserts that trial counsel was deficient in failing to challenge the admission of the rape kit containing the victim's underwear. He maintains that the DNA evidence in the rape kit is unreliable because there was no foundation establishing that the underwear actually belonged to the victim. He also insists that despite "gaps in the handling and retention of the 'rape kit' evidence," Aplee. Supp. App. at 30, his counsel failed to object when the government's expert confirmed that Mr. Squire's DNA was present in semen collected from the underwear.[5]

The district court concluded that Mr. Squire had raised this claim, and the ACCA had summarily rejected it, but we conclude that Mr. Squire waived it. His brief to the ACCA claimed that trial counsel was ineffective for failing to put on

---

[5] Although we offer no opinion on the merits of this claim, the ACCA noted that counsel did object to the admission of the rape kit, apparently quite vigorously. *See* Aplt. App., Vol. 4 at 224 n.5.

evidence that the victim recanted. In advancing *that* claim, he also made an attenuated argument that the DNA evidence was unreliable. *See* Aplt. App., Vol. 1 at 47-48. But the claimed ineffectiveness was trial counsel's failure to offer evidence that the victim had recanted, not counsel's failure to seek to exclude the DNA evidence. Mr. Squire also challenged the reliability of the DNA evidence, but he never claimed that trial counsel was ineffective for failing to make that argument. *See Hawkins v. Mullin*, 291 F.3d 658, 668-69 (10th Cir. 2002) (holding that state claim asserting trial-court error relating to mitigating evidence and separate claims of ineffective assistance did not exhaust specific federal claim of ineffective assistance relating to mitigating evidence). These distinct theories failed to preserve Mr. Squire's present claim of ineffective assistance based on counsel's supposed failure to challenge the DNA evidence. And even if any shared predicate for these evolving theories could have preserved the claim, the district court correctly recognized that the ACCA's summary rejection of all *Grostefon* issues satisfies the full and fair consideration standard. *See Thomas*, 625 F.3d at 672 ("We . . . decline to presume a military appellate court has failed to consider all the issues presented to it before making a decision.").

### 2. *Right to Confrontation*

Mr. Squire also claimed the trial judge violated his right to confront the child-victim by admitting into evidence statements she had made to two examining physicians. After the assault, the victim's mother brought the child to a military hospital, where she was examined and referred to a civilian hospital for further

9

examination. At both locations, the victim told examining doctors that Mr. Squire penetrated her with his penis. The ACCA discussed this claim at length, devoting five pages of analysis to whether Mr. Squire's confrontation rights had been violated. Citing *Crawford v. Washington*, 541 U.S. 36 (2004), the ACCA concluded there was no constitutional violation because the statements were non-testimonial. The ACCA also ruled that even if the military judge had erred in admitting the statements through one of the doctors, any error was harmless beyond a reasonable doubt, given the findings of the DNA analysis. The CAAF affirmed in a detailed published opinion. *See Squire*, 72 M.J. at 291. The military courts afforded this claim full and fair consideration.

### 3. Right to Testify

Mr. Squire's last claim alleges that his due process rights were violated when his trial counsel denied him the right to testify on his own behalf. According to Mr. Squire, he changed his mind after initially electing not to testify, but his attorney declined to let him on the stand. Mr. Squire says the ACCA completely ignored this claim, but we disagree. He raised this claim in his *Grostefon* brief, and although the ACCA did not specifically discuss it, the court expressly stated that it considered the entire record and the parties' submissions, including the issues raised in the *Grostefon* brief and at oral argument. The ACCA need not give "explicit detail" for rejecting a claim presented to it. *See Thomas*, 625 F.3d at 671-72 (holding that the ACCA afforded full and fair consideration even without oral argument or providing any explanation for its dismissal). And we will not presume the court overlooked

10

this claim. *See id.* at 672. Under the circumstances here, we are satisfied that the military courts gave this claim full and fair consideration.

IV

The judgment of the district court is affirmed.

Entered for the Court

Gregory A. Phillips
Circuit Judge