**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 13, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BRIAN L. BRIMEYER,

     Petitioner - Appellant,

v.

ERICA NELSON,

     Respondent - Appellee.

No. 17-3016
(D.C. No. 5:16-CV-03112-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

Brian L. Brimeyer, a military prisoner, appeals the district court's denial of his habeas petition filed under 28 U.S.C. § 2241. In the petition he challenged his conviction by a general court martial for rape of a child; aggravated sexual contact with a child; sodomy; and possession and receipt of child pornography, in violation of Articles 920, 925, and 934 of the Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, and 934. We affirm the denial of his petition.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Mr. Brimeyer is a former enlisted Sailor in the United States Navy. In 2010 a court-martial panel convicted him of one specification of rape of a child under the age of twelve, three specifications of aggravated sexual contact with a child under the age of twelve, one specification of sodomy with a child under the age of twelve, and one specification of receiving child pornography. The convening authority approved his sentence to 33 years of confinement and a dishonorable discharge.

Mr. Brimeyer appealed to the Navy-Marine Corps Court of Criminal Appeals (NMCCA), which affirmed all of the findings except for one of the specifications of aggravated sexual conduct with a child, which it dismissed as legally and factually insufficient. *United States v. Brimeyer*, NMCCA No. 201100141, 2012 WL 2501114 (N-M. Ct. Crim. App. June 28, 2012). The NMCCA did not adjust his sentence in light of the dismissed specification.

Mr. Brimeyer filed a petition for review with the Court of Appeals for the Armed Forces (CAAF). The CAAF denied his request for review and his pro se request for reconsideration. The United States Supreme Court denied his petition for writ of certiorari. *Brimeyer v. United States*, 134 S. Ct. 271 (2013).

Mr. Brimeyer then filed two applications for writs of habeas corpus, one with the NMCCA and one with the CAAF. Both were denied.

In 2016, Mr. Brimeyer filed this § 2241 habeas petition, raising seven claims for relief. The district court denied his amended petition. It concluded that he had waived two of the claims by failing to present them to the military courts, and that

2

the military courts had fully and fairly considered the remaining claims, thus requiring denial of the petition as to those claims.

## II.

We review de novo the district court's denial of habeas relief. *Fricke v. Sec'y of Navy*, 509 F.3d 1287, 1289 (10th Cir. 2007). But the scope of habeas review of military convictions is limited. Review is generally confined "to jurisdictional issues and to determination of whether the military gave fair consideration to each of the petitioner's constitutional claims." *Id.* at 1290 (emphasis and internal quotation marks omitted). "When a military decision has dealt fully and fairly with an allegation raised in [a habeas] application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." *Thomas v. U.S. Disciplinary Barracks*, 625 F.3d 667, 670 (10th Cir. 2010) (brackets and internal quotation marks omitted).

> To assess the fairness of the consideration, our review of a military conviction is appropriate only if the following four conditions are met: (1) the asserted error is of substantial constitutional dimension, (2) the issue is one of law rather than disputed fact, (3) no military considerations warrant a different treatment of constitutional claims, and (4) the military courts failed to give adequate consideration to the issues involved or failed to apply proper legal standards. . . . [O]ur recent cases have emphasized the fourth consideration as the most important.

*Id.* at 670-71.

If a petitioner failed to raise a claim in the military courts, it is waived and may not be considered absent a showing of cause and actual prejudice. *See Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2003). Only if the claim was raised in the

3

military courts but not given full and fair consideration will "the scope of review by the federal civil court expand." *Lips v. Commandant, U.S. Disciplinary Barracks*, 997 F.2d 808, 811 (10th Cir. 1993).

### III.

The district court denied two of Mr. Brimeyer's claims—involving a social worker's testimony about hearsay statements made by the child victims and the sufficiency of the evidence on the child pornography count—concluding that these claims had been addressed in detail by the NMCCA and that Mr. Brimeyer had failed to contest that the military courts fully and fairly considered these claims. Mr. Brimeyer challenges only the district court's latter conclusion. He contends he did argue, in his traverse to the government's response to his habeas petition, that the military had failed to fully and fairly consider these claims. But even if he is correct, he fails to challenge the district court's underlying finding that the NMCCA addressed both claims in detail. And we conclude the NMCCA's decision satisfies the "full and fair consideration" requirement.

In its decision, the NMCCA addressed Mr. Brimeyer's hearsay claim based on the clinical social worker's testimony. *See* R. at 358-61. It noted that the admissibility of these statements had been fully litigated prior to trial. It then summarized the evidence presented at the pretrial motions session. Analyzing the admissibility of the statements under Military Rule of Evidence (MRE) 803(4), it concluded the military judge had not abused his discretion in admitting the

4

statements, and that even if he had, any error did not materially prejudice Mr. Brimeyer's substantial rights.

The NMCCA also addressed the sufficiency-of-evidence claim at length. *See* R. at 352-54. It discussed the legal standard for evaluating such claims, the applicable appellate standard of review, the elements of the crime that the government was obligated to prove, and the evidence presented at trial. It then concluded both that "a reasonable fact finder could have found all the essential elements of knowing receipt of child pornography beyond a reasonable doubt" and that "after weighting the evidence in the record of trial and making allowances for not having personally observed the witnesses, we are ourselves convinced of the appellant's guilt beyond a reasonable doubt." R. at 354.

Because our de novo review persuades us that the NMCCA fully and fairly considered these claims, *see Thomas*, 625 F.3d at 670-71, we affirm the district court's denial of habeas relief as to these claims.

IV.

The district court denied three additional claims that the military courts did not individually discuss in detail: that the military judge improperly instructed panel members concerning the statute for receipt of child pornography; that a nurse practitioner was permitted to testify to a hearsay medical document;[1] and that the

---

[1] The claim concerning the nurse practitioner's hearsay testimony apparently was presented to the NMCCA as an ineffective-assistance-of-trial-counsel claim. *See* R. at 171-72.

forensic interviews of the victims were so contaminated that their admission violated Mr. Brimeyer's Sixth Amendment rights. It found that the military courts had also fully and fairly considered these claims.

Mr. Brimeyer raised these claims under *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), which permits a service member to raise legal claims in the military courts that his appellate counsel declined to present. The government thoroughly addressed the claims in its response. *See* R. at 240-44; 260-67; 268-73. In its decision, the NMCCA listed Mr. Brimeyer's *Grostefon* claims. *See* R. at 342 & n.3. It then proceeded to analyze some of the claims at length. As for the remaining *Grostefon* claims, including the three at issue here, the NMCCA stated that "[a]fter carefully reviewing the record of trial, the assigned errors, and the Government's response, we find that the remaining assignments of error do not merit relief." R. at 361.

We have "consistently held full and fair consideration does not require a detailed opinion by the military court," and so long as the "issue is briefed and argued before a military board of review, we have held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not consider the issue meritorious or requiring discussion." *Thomas*, 625 F.3d at 671 (internal quotation marks omitted). Thus, a "lack of explicit detail is not fatal." *Id.* "We . . . decline to presume a military appellate court has failed to consider all the issues presented to it before making a decision." *Id.* at 672. Reviewing Mr. Brimeyer's challenge under these

6

standards and the four-part test outlined above, our de novo review persuades us that the NMCCA fully and fairly considered these claims. We therefore affirm the district court's denial of habeas relief as to these claims.

V.

The district court determined that Mr. Brimeyer had waived two of his claims by failing to present them to the military courts: that the trial judge abused his discretion in excluding evidence under MRE 412, and that trial counsel was constitutionally ineffective when he suggested during closing argument that it was Mr. Brimeyer who used a "clean-up" software program to delete pornography from his computer, in order to keep his wife from detecting that he had viewed adult pornography.

The district court ruled that the Rule 412 claim was procedurally barred because Mr. Brimeyer had raised it only in his habeas petitions to the NMCCA and the CAAF and not on direct appeal to those courts. It further concluded that Mr. Brimeyer had failed to establish cause and prejudice to excuse this procedural default. But we do not agree with this analysis.

By presenting this claim to both the NMCCA and the CAAF, Mr. Brimeyer gave the military courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the [military's] established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The military courts could have barred the claim due to Mr. Brimeyer's failure to assert it on direct appeal. But that is not what they did. Instead, both military courts denied his habeas

7

petitions without invoking a procedural bar. The NMCCA stated it had "considered the Petition" and denied it. R. at 661. The CAAF stated "[o]n consideration" of the petition, it was "denied." R. at 692.

To erect an enforceable procedural bar, the military courts "must actually have relied on the procedural bar as an independent basis for [their] disposition of the case." *Harris v. Reed*, 489 U.S. 255, 261-62 (1989) (internal quotation marks omitted) (discussing state procedural bar applicable to 28 U.S.C. § 2254 petitions). Because they did not, it is inappropriate for us to enforce a procedural bar as to this claim.

Nevertheless, because we determine the military courts fully and fairly considered the claim, we affirm its denial by the district court.[2] The claim was fully briefed to each court. In his habeas petition to the NMCCA, Mr. Brimeyer argued at some length both (1) that the military trial judge had violated his rights under the Fifth and Sixth Amendments by using MRE 412 to bar certain evidence he wanted to present at trial, *see* R. at 488-97, and (2) that his attorneys on direct appeal had been constitutionally ineffective in failing to raise the MRE 412 argument, *see* R. at 499,

---

[2] Although this court generally does not consider issues raised but not ruled on in the district court, *see Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1227 (10th Cir. 2013), we decline to remand for a determination of whether the military courts fully and fairly considered this claim. Remand is unnecessary where there is no dispute concerning the underlying facts and where judicial economy and efficiency favor a decision in the first instance by an appellate court. *See, e.g.*, *Ohlander v. Larson*, 114 F.3d 1531, 1538 (10th Cir. 1997). The record here is sufficient to perform our de novo analysis concerning whether the claim is appropriate *vel non* for expanded habeas review under the standard outlined earlier in this decision.

8

501, 504-05. He renewed these arguments in his habeas petition to the CAAF. *See* R. at 665-75; 682-84. Although the military courts did not discuss the claim in detail, we are satisfied they gave it full and fair consideration. Each court stated it had considered Mr. Brimeyer's petition, and there is no indication that either court failed to apply the proper legal standards in doing so. *See Thomas*, 625 F.3d at 672 ("We . . . decline to presume a military court has failed to consider all the issues presented to it before making a decision.").

Finally, Mr. Brimeyer has waived on appeal any issue involving the "clean-up" software program. *See, e.g.*, *Home Loan Inv. Co. v. St. Paul Mercury Ins. Co.*, 827 F.3d 1256, 1268 (10th Cir. 2016) ("[I]n addition to not preserving a sufficiency-of-the-evidence claim before the district court, St. Paul also waived any such claim on appeal by failing to argue sufficiency of the evidence in its opening brief."); *Harsco Corp. v. Renner*, 475 F.3d 1179, 1190 (10th Cir. 2007) (noting that "a party waives those arguments that its opening brief inadequately addresses"). His only reference to this habeas claim in his opening brief comes in the context of his Rule 412 claim, where he affirmatively disclaims the clean-up program issue as the basis for his assertion of ineffective assistance of appellate counsel.[3] No other

---

[3] He states:

> The ineffective assistance of counsel was on . . . appellate defense [counsel] on direct appeal[] for not submitting an argument to challenge the issues in relation to Military Rules of Evidence 412 issues. District Court Judge Lungstrum *erred in his decision because he [found] that the*

(continued)

appellate argument is presented concerning this claim. We therefore decline to review its denial by the district court.

VI.

We affirm the district court's denial of Mr. Brimeyer's 28 U.S.C. § 2241 habeas petition. We grant his motion to proceed in forma pauperis.

Entered for the Court

Jerome A. Holmes
Circuit Judge

---

*ineffective assistance of counsel was on trial counsel for arguing to the panel members during closing arguments that the Petitioner installed a clean-up program to delete adult pornography.*

The Petitioner's brief that he submitted to district court shows the ineffective assistance of counsel was on . . . appellate defense counsel[] on direct appeal[] for not submitting an argument to challenge the issues *in relation to Military Rules of Evidence 412 issues.*

Pet'r Opening Br. at 21-22 (emphasis added).