FILED
United States Court of Appeals
Tenth Circuit

October 11, 2019

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

MARK EVANS,

    Petitioner - Appellant,

v.

CAROLINE HORTON, Colonel, United
States Army Commandant, United States
Disciplinary Barracks,

    Respondent - Appellee.

No. 19-3023
(D.C. No. 5:18-CV-03240-JWL)
(D. Kan.)

_____

ORDER AND JUDGMENT*
_____

Before **MORITZ**, **McKAY**, and **CARSON**, Circuit Judges.
_____

Mark Evans appeals the district court's order dismissing his 28 U.S.C. § 2241

petition. For the reasons explained below, we affirm.

## Background

A court-martial tried and convicted Evans of raping and assaulting a female

German citizen and of obstructing justice.[1] The court-martial sentenced Evans to 20

---

    * This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. But it may be cited for its
persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

    [1] The court-martial also convicted him of assaulting a male coworker. But it
acquitted him on charges that he attempted to sexually assault, and perpetrated
abusive sexual contact against, the same male coworker.

years' confinement, reduced his grade to E-1, and ordered his dishonorable discharge.

Evans appealed to the Air Force Court of Criminal Appeals, challenging the sufficiency of the evidence and the severity of his sentence. The appellate court affirmed the court-martial's findings and sentence. *See United States v. Evans*, ACM 38651, 2015 WL 6657428, at *1 (A.F. Ct. Crim. App. Oct. 22, 2015) (unpublished). Evans then sought review by the Court of Appeals for the Armed Forces, again challenging the sufficiency of the evidence. That court declined review. *See United States v. Evans*, 75 M.J. 288, 288 (C.A.A.F. 2016) (unpublished).

Evans then filed the § 2241 petition at issue here. He asserted that under *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016), the court-martial's finding on his rape charge was fundamentally flawed because it was based on an unconstitutional instruction about propensity evidence. Specifically, Evans argued that the court-martial's propensity instruction unconstitutionally undermined the presumption of innocence by allowing the factfinder to consider evidence of charged conduct for propensity purposes—even if the factfinder did not find Evans guilty beyond a reasonable doubt of that charged conduct. The government responded that Evans could not raise the *Hills* issue as a basis for habeas relief because he failed to raise it before the military courts and could not establish cause or prejudice to overcome this procedural default.

The district court denied Evans's petition, but in so doing, it did not address the government's arguments about waiver or cause and prejudice. Instead, the district

court concluded that under *Teague v. Lane*, 489 U.S. 288 (1989), the rule set forth in *Hills* did not apply retroactively to Evans's case. Evans appeals.[2] We review the district court's decision de novo. *See Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011).

## Analysis

In his habeas petition, Evans asserted the military judge provided an unconstitutional instruction that allowed the factfinder to consider charged conduct—as opposed to uncharged conduct—as propensity evidence for other charged crimes. *See* Mil. R. Evid. 413 ("In a court-martial proceeding for a sexual offense, the military judge may admit evidence that the accused committed any other sexual offense. The evidence may be considered on any matter to which it is relevant."); *Hills*, 75 M.J. at 354 (holding that Military Rule of Evidence 413 "may not" be used "as a mechanism for admitting evidence of charged conduct to which an accused has pleaded not guilty in order to show a propensity to commit the very same charged conduct").

The government does not dispute that the instruction in Evans's 2014 trial was improper under *Hills*, which was decided in 2016. But it contends that Evans waived

---

[2] Evans does not need a certificate of appealability. *See Nixon v. Ledwith*, 635 F. App'x 560, 561 n.1 (10th Cir. 2016) (unpublished) (holding that military prisoner "does not need a certificate of appealability to appeal from the district court's decision" denying his § 2241 petition); *Montez v. McKinna*, 208 F.3d 862, 866–67 (10th Cir. 2000) (noting that "federal prisoner proceeding under § 2241 does not need a certificate of appealability to appeal a district court's denial of the petition" (emphasis omitted)).

his challenge to this jury instruction by failing to raise it before the military courts, either at trial or on appeal. The government is correct that "if a ground for relief was not raised in the military courts, then the [federal] court must deem that ground waived." *Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2003). And here, Evans does not contest that he failed to challenge the jury instruction at trial or on appeal. Thus, we conclude that Evans waived this argument. *See id.* As such, we will only reach the merits of Evans's jury-instruction argument if he can show both cause and prejudice: cause for failing to raise this argument before the military courts and actual prejudice resulting from the allegedly unconstitutional jury instruction. *See id.* ("The only exception to the waiver rule is that a petitioner may obtain relief by showing cause and actual prejudice.").

Evans argues that we should find cause and excuse his failure to raise this issue before the military courts because the law at the time of his trial was "settled" such that raising the issue "would have been frivolous." Aplt. Br. 23. In other words, Evans insists that because *Hills* changed the law about this particular jury instruction, we should excuse him for failing to challenge the instruction at trial or on appeal. But "[c]hanges in law do not automatically constitute cause." *Daniels v. United States*, 254 F.3d 1180, 1190 (10th Cir. 2001). Nor does futility. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) ("[F]utility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" (quoting *Engle v. Isaac*, 456 U.S. 107, 130 n.35 (1982))). Instead, the question in this context is whether "a constitutional claim is so novel that its legal basis [was] not reasonably

4

available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984). So even if we accept Evans's appellate arguments—by assuming both that (1) military law at the time of Evans's trial and appeal was settled and allowed this now-unconstitutional jury instruction and (2) any challenge to the instruction would have failed—these assumptions are not enough to automatically excuse his failure to challenge the jury instruction in the military courts.

Nor can Evans meet *Reed*'s novel-claim standard.[3] On the contrary, and as the government points out, litigants in other cases taking place around the same time as Evans's 2014 trial and 2015 appeal raised this very argument. *See, e.g.*, *Hills*, 75 M.J. at 352 (noting that criminal acts occurred in 2012 and appeal to Army Court of Criminal Appeals occurred in 2015; accepting argument that Rule 413 only allows admission of evidence of uncharged conduct); *United States v. Bass*, 74 M.J. 806, 815 (N-M. Ct. Crim. App. 2015) (rejecting Rule 413 argument later accepted in *Hills*). And "cause will not be found where the 'basis of a constitutional claim is available, and other defense counsel have *perceived* and *litigated* that claim.'" *Clanton v. Muncy*, 845 F.2d 1238, 1242 (4th Cir. 1988) (quoting *Engle*, 456 U.S. at 134). Thus, Evans fails to show cause to excuse his failure to raise this issue before the military courts.

---

[3] Indeed, he arguably does not even attempt to meet this standard. He never cites it, and in his reply brief, he simply doubles down on his position that challenging the jury instruction at trial or on appeal would have been futile because under military law at that time, the instruction was proper.

And even if Evans could show cause, he would also be required to show actual prejudice resulting from the court's decision to give this instruction at his trial. *See United States v. Frady*, 456 US. 152, 167 (1982). In the context of an instruction that is later determined to be unconstitutional, the prejudice inquiry does not merely ask "whether 'the instruction is undesirable, erroneous, or even universally condemned.'" *Id.* at 169 (quoting *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)). Rather, a court must determine "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Id.* (quoting *Henderson*, 431 U.S. at 154).

Moreover, "[t]he burden of showing prejudice is not an easy one." *Daniels*, 254 F.3d at 1191. "[I]t is not enough to assert that an error '*might have* changed the outcome of the trial.'" *Id.* (emphasis added) (quoting *Strickler v. Greene*, 527 U.S. 263, 289 (1999)). Instead, Evans "must convince us that 'there is a reasonable probability' that the result of the trial would have been different" in the absence of the propensity instruction. *Strickler*, 527 U.S. at 289 (quoting *Kyles v. Whitley*, 514 U.S. 419, 433 (1995)).

Evans cannot make such a showing here, primarily because the other evidence against him was overwhelming. Evans met the 16-year-old victim at an Oktoberfest festival. *Evans*, 2015 WL 6657428, at *1. Near the end of the evening, Evans and the victim went a little away from the festival tent. *Id.* at *1–2. The victim testified that Evans kissed her and that she refused Evans's further advances, knocked his hands away from her, and told him to stop. *Id.* at *2. She said that when she cried out,

Evans put his fingers in her mouth to keep her quiet; when she bit his fingers, he held her mouth closed. *Id.* She further stated that she struggled against Evans and asked him not to kill her. *Id.* She testified that Evans pulled her pants down, engaged in sexual intercourse with her, and then got up and walked away. *Id.*

Critically, Evans's own videotaped statement to military investigators largely corroborated the victim's version of events. Evans "admitted . . . that his 'animalistic' urges took over during the encounter, that he pulled [the victim] down, that he was a 'little bit too aggressive,' and that [the victim] 'wasn't really into it.'" *Id.* at *3. Further, Evans said that the victim "'kind of screamed out' and that he probably put his hand over her mouth to keep her quiet." *Id.* He "recalled [the victim] telling him something to the effect of 'don't hurt me' while he was penetrating her." *Id.* Evans "conceded . . . that he believed [the victim] did not want to have sexual intercourse with him . . . but said he decided to continue anyway." *Id.* Finally, Evans "confided to investigators that his first thought after the incident was that he had just raped her." *Id.*

The prosecution, for its part, highlighted these incriminating statements in its closing statement—it did not focus on propensity evidence or on the *Hills* instruction. In fact, only six lines of its 48-page closing argument mention the *Hills* instruction or refer to propensity evidence.

Thus, in light of the overwhelming evidence against Evans, along with the prosecution's lack of focus on propensity, there is no reasonable probability that the factfinder would have reached a different result in the absence of the improper

instruction.[4] *See Frady*, 456 U.S. at 169. Accordingly, Evans fails to show any prejudice flowing from the alleged constitutional violation.

**Conclusion**

Because Evans cannot establish cause or prejudice to overcome the waiver of the jury-instruction challenge in his habeas petition, we affirm the district court's order denying that petition. *See Brimeyer v. Nelson*, 712 F. App'x 732, 737 & n.2 (10th Cir. 2017) (unpublished) (affirming district court's denial of claim in § 2241 petition on alternative grounds because record was "sufficient to perform our de novo analysis"); *cf. Nixon*, 635 F. App'x at 564 (agreeing "with the district court's result, but not its reasoning," and affirming order denying habeas relief on alternative waiver grounds).

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[4] Evans fails to make an express prejudice argument on appeal. But elsewhere in his brief, he suggests that the evidence against him was not overwhelming. Yet in so doing, he ignores the impact of his own incriminating statements. We therefore find his argument unconvincing.